UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE CHEROKEE NATION,<br><br>Plaintiff,<br><br>v.<br><br>MCKESSON CORPORATION; CARDINAL HEALTH, INC.; CARDINAL HEALTH 110, LLC; AMERISOURCEBERGEN DRUG CORPORATION; CVS HEALTH CORPORATION; CVS PHARMACY, INC.; OKLAHOMA CVS PHARMACY, LLC; WALGREENS BOOTS ALLIANCE, INC.; WALGREEN CO.; WAL-MART STORES, INC.,<br><br>Defendants. | Case No.   18-CV-56-SPS<br><br>(Sequoyah County No. CJ-2018-11) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1442 and 1446, Defendant McKesson Corporation ("McKesson") hereby gives timely notice of the removal of this matter from the District Court of Sequoyah County, Oklahoma to this Court. As grounds for removal, McKesson states as follows:

### INTRODUCTION

1. On January 19, 2018, Plaintiff Cherokee Nation (the "Tribe") filed a Petition in the District Court of Sequoyah County, State of Oklahoma, against McKesson as well as CVS Health Corporation, CVS Pharmacy, Inc., Oklahoma CVS Pharmacy, Cardinal Health, Inc., Cardinal Health 110, LLC, AmerisourceBergen Drug Corporation, Walgreens Boots Alliance, Inc., Walgreen Co., and Wal-Mart Stores, Inc. The case was

4554330.1

assigned Case No. CJ-2018-11.  A true and correct copy of the Petition is attached as **Exhibit 1**.  (*See* Exhibit 1).

2.  The Tribe alleges that Defendants, who are distributors of prescription medications and pharmacies dispensing prescription medications, are liable under Oklahoma law for harm to the Tribe and its members allegedly caused by the diversion of prescription opioid medications into the black market in and around the Tribe's purported "jurisdictional area" (the "Tribal Area").  (Pet. ¶¶ 4–5.)

3.  McKesson removes this action under 28 U.S.C. § 1442.  As set forth more fully below, McKesson is an entity acting under direction of federal officers and has been sued on claims that relate to its actions under color of federal office.

I.   **THIS CASE IS REMOVABLE UNDER FEDERAL OFFICER REMOVAL.**

4.  The federal officer removal statute authorizes "any person acting under" a federal officer to remove to federal court a civil action "for or relating to any act under color of such office."  28 U.S.C. § 1442(a)(1) (2011).  The statute has long been liberally construed in favor of removal and protecting the right of defendants acting under federal officers' authority to a federal forum.  *Colorado v. Symes*, 286 U.S. 510, 517 (1932); *see also* 28 U.S.C. § 1447(d) (providing right to appeal remand where federal officer removal was effected).

5.  The Congress added the language "or relating to" in a 2011 amendment intended to further broaden the scope of acts removable under the statute.  *See Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992) (quoting Black's Law Dictionary 1158 (5th ed. 1979) ("The ordinary meaning of ['relating to'] is a broad one [meaning]

'to stand in some relation; to have some bearing or concern; to pertain; refer; to bring into association with.'").

6. Federal officer removal requires a defendant to show "(1) that it acted under the direction of a federal officer; (2) that there is a causal nexus between the plaintiff's claims and the acts the private corporation performed under the federal officer's direction; and (3) that there is a colorable federal defense to the plaintiff's claims." *Greene v. Citigroup, Inc.*, 215 F.3d 1336 (10th Cir. 2000). As set forth below, this standard is satisfied here by McKesson.

### A. McKesson Acted Under Color of Federal Office.

7. McKesson, through an exclusive contract with the United States government, is the primary distributor of prescription medications to the Indian Health Service ("IHS") and Veterans' Administration ("VA"). It has supplied and continues to supply prescription medications, including opioids, to IHS and the VA in and around the Tribal Area. By the express terms of the aforementioned contract, provision of medications, including prescription opioids, is governed by federal law and regulation and overseen by a federal contracting officer.

8. Because the Tribe seeks recovery for harm caused by any and all diverted prescription opioids in and around the Tribal Area, without regard to the source (*see* Pet. at ¶ 82), its claims necessarily implicate prescription opioids that McKesson supplied to tribal and federal facilities through its Pharmaceutical Prime Vendor Contract ("PPV Contract").

9. Here, McKesson acted under the authority of the federal government in supplying opioid medications to IHS and VA in and around the Tribal Area. Pursuant to the PPV Contract, McKesson has the obligation to supply prescription medications to Tribal facilities when they are ordered by IHS through the PPV Contract and the same contractual obligation to supply VA facilities in and around the Tribal Area. Under the terms of that contract, the provision of prescription medications, including opioids, is governed by federal law and regulation and overseen by a federal contracting officer.[1]

10. In compliance with the PPV Contract, McKesson has provided and continues to provide prescription medications including opioids to agencies, including IHS and VA facilities in and around the Tribal Area. Indeed, McKesson's contract covers the Tribe's clinics and hospitals.[2] McKesson thus is required by its federal contract to distribute the opioids at issue to the Tribe's clinics and hospitals, all of which are within the Tribal Area.

11. It is well established that defendants who contract to provide services for government health programs are federal officers entitled to remove. McKesson's PPV Contract with VA and IHS is such a contract. It is therefore acting under a federal officer and entitled to remove.[3]

---

[1] *See* PPV Contract, https://www.va.gov/oal/docs/business/nac/ppvContractVA797P-12-D-0001option2.pdf.

[2] *See* Veterans Affairs, Department of Operation and Logistics, Prime Vendor Division, https://www.va.gov/oal/business/nc/ppv.asp.

[3] "The words 'acting under' are to be interpreted broadly." *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 136 (2d Cir. 2008). Likewise, "[t]he hurdle erected by [the 'under color' of office] requirement is quite low." *Id.* at 137. Both "are satisfied if the actions subject to suit resulted directly from government specifications or direction," *Albrecht v. A.O. Smith Water Prods*, 2011 WL 5109532, at *5 (S.D.N.Y. Oct. 21, 2011), or the "allegations are directed at the relationship between the [defendant] and the [federal

**B.     The Causal Nexus Requirement Is Satisfied.**

12.     To establish a causal connection, the alleged conduct needs merely "a sufficient connection or association" to establish its relation to the act performed under color of office." *Sawyer v. Foster Wheeler LLC*, 860 F.3d 249, 258 (4th Cir. 2017) (citations omitted).

13.     There is a causal nexus between the Tribe's claims and McKesson's acts under color of federal office.  The Tribe's Petition alleges that McKesson "supplied quantities of prescription opioids in and around the [Tribal Area] with the actual knowledge that the opioids were ultimately being consumed by Cherokee Nation citizens for non-medical purposes and causing harm to the Cherokee Nation."  (*See* Pet. ¶ 82.)

14.     The Tribe's claims thus put at issue all prescription opioids diverted in and around the Tribal Area.  This includes prescription opioids McKesson supplied to federal agencies as described above, including the IHS and VA.  McKesson has therefore satisfied the causal nexus requirement.

**C.     McKesson Has Colorable Federal Defenses.**

15.     Here, McKesson may assert a variety of federal defenses to the Tribe's claims, including the government contractor defense, *see Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988), as well as federal preemption, both to the extent that the Tribe's claims conflict with McKesson's duties under the federal Controlled Substances Act, 21 U.S.C. § 903, and also to the extent those claims conflict with the laws governing the

---

officer]."  *In re Commonwealth's Mot. to Appoint Counsel Against or Directed to Def. Ass'n of Phil.*, 790 F.3d 457, 470 (3d Cir. 2015), as amended (June 16, 2015).

VA. *Hicks v. Small*, 842 F. Supp. 407 (D. Nev. 1993). These colorable defenses satisfy the requirements for federal officer removal.[4]

16. Accordingly, McKesson has each established all three elements of federal officer removal.

## II. ALL PROCEDURAL REQUIREMENTS OF REMOVAL ARE SATISFIED.

17. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(2) and (3), because it is filed within thirty (30) days of service of the Petition on McKesson on February 5, 2018.

18. A true and correct copy of all process, pleadings, orders, and other documents filed or served upon McKesson, along with a copy of the docket sheet, are attached within Exhibit 1. *See* LCvR 81.2. No substantive motions are currently pending in the State Court Action; the only pending motion is one to associate counsel.

19. Written notice of the filing of this Notice of Removal shall be promptly served on all parties herein, and a copy of this Notice shall promptly be filed with the Clerk of the District Court of Sequoyah County Oklahoma pursuant to 28 U.S.C. § 1446(d).

20. Federal officer removal does not require all defendants to consent to join in the removal and effects the removal of the entire action. *Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998) (stating that removal under § 1442 "allows a federal officer [or person acting under that officer] independently to remove a case to

---

[4] "In construing the colorable federal defense requirement," the Supreme Court has "rejected a 'narrow, grudging interpretation' of the statute," and does "not require the officer virtually to 'win his case before he can have it removed.'" *Jefferson Cty. v. Acker,* 527 U.S. 423, 431 (1999) (quotation omitted).

federal court even though that officer [or person acting under that officer] is only one of several named defendants"); *Bradford v. Harding*, 284 F.2d 307, 310 (2d Cir. 1960) (holding removal of entire action occurs even "where, as here, some persons entitled to join in the removal petition did not").

21.     McKesson reserves all defenses, including but not limited to those under Rule 12(b) of the Federal rules of Civil Procedure, and does not waive said defenses by the filing of this Notice.

WHEREFORE, McKesson gives notice that the above action now pending against it in the District Court of Sequoyah County Oklahoma, Case No. CJ-2018-011, is hereby removed from the above-referenced State Court to the United States District Court for the Eastern District of Oklahoma.

Respectfully submitted,

*s/Stuart D. Campbell*
Stuart D. Campbell, OBA #11246
Kaylee Davis-Maddy, OBA #31534
DOERNER, SAUNDERS, DANIEL
& ANDERSON, L.L.P.
700 Williams Center Tower II
Two West Second Street
Tulsa, Oklahoma 74103-3522
Telephone 918-582-1211
Facsimile 918-591-5360
scampbell@dsda.com
kmaddy@dsda.com

*Counsel to Plaintiff McKesson Corporation*

# CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2018, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal:

**Counsel For The Cherokee Nation**

M. Todd Hembree
Chrissi Ross Nimmo
John Young
Chad Harsha
The Cherokee Nation
P.O. Box 948
Tahlequah, OK 74464

William S. Ohlemeyer
BOIES SCHILLER FLEXNER, LLP
333 Main Street
Armonk, NY 10504

Stephen N. Zack
Tyler Ulrich
Patricia A. Melville
BOIES SCHILLER FLEXNER, LLP
100 SE 2nd Street, Suite 2800
Miami, Florida 33131

Richard Fields
FIELDS LAW PLLC
2000 Massachusetts Ave.
Washington, DC 20036

Frank Sullivan, III
SULLIVAN & SULLIVAN, PLLC
P.O. Box 768, 105 N. Oak
Sallisaw, Oklahoma 74955

**AmerisourceBergen Drug Corporation**

Alvin L Emch
Jackson Kelly PLLC
P O BOX 553
CHARLESTON, WV 25322

**Cardinal Health, Inc.**

Enu Mainigi
Williams & Connolly
725 TWELFTH ST NW
WASHINGTON, DC 20005

Frank Lane Heard
Williams & Connolly
725 TWELFTH ST NW
WASHINGTON, DC 20005

James John Proszek
Hall Estill Hardwick Gable Golden & Nelson
320 S BOSTON STE 200
TULSA, OK 74103-3706

Joel L Wohlgemuth
Norman Wohlgemuth Chandler Jeter Barnett & Ray PC
401 S BOSTON AVE STE 2900
TULSA, OK 74103

Ryan A Ray
Norman Wohlgemuth Chandler Jeter Barnett & Ray PC
401 S BOSTON AVE STE 2900
Tulsa, OK  74103

Steven M Pyser
Williams & Connolly
725 TWELFTH ST NW
WASHINGTON, DC 20005

**CVS Health Corporation**

Amy Durrell White
Phillips Murrah PC
101 N ROBINSON 13TH FLR
OKLAHOMA CITY, OK 73102

Ann Lauren Carpenter
Morgan Lewis & Bockius
1701 MARKET ST
PHILADELPHIA, PA 19103

D Michael McBride , III
Crowe & Dunlevy
321 S BOSTON AVE STE 500
TULSA, OK 74103-3313

Robert A Nicholas
Reed Smith LLP
1717 ARCH ST STE 3100
PHILADELPHIA, PA 19103

Susan E Huntsman
Crowe & Dunlevy
321 S BOSTON AVE STE 500
TULSA, OK 74103-3313

Thomas F Gede
Morgan Lewis & Bockius LLP (San Francisco)
ONE MARKET, SPEAR ST TOWER
SAN FRANCICSO, CA 94105

Thomas H Suddath , Jr
Reed Smith LLP
1717 ARCH ST STE 3100
PHILADELPHIA, PA 19103

**Wal-Mart Stores, Inc.**

Amy Sherry-Fischer
Foliart Huff Ottaway & Bottom
201 ROBERT S KERR AVE 12TH FL
OKLAHOMA CITY, OK 73102

Claire E Castles
Jones Day
555 S FLOWER ST 50TH FLOOR
LOS ANGELES, CA 90071-2452

James Russell Wooley
Jones Day
901 LAKESIDE AVE E
CLEVELAND, OH 44114

G Calvin Sharpe
Phillips Murrah PC
101 N ROBINSON 13TH FLR
OKLAHOMA CITY, OK 73102

Joey Dean Horton
Quinn Emanuel Urquhart & Sullivan, LLP
865 S FIGUEROA ST FLR 10
LOS ANGELES, CA 90017

Richard Schirtzer
Quinn Emanuel Urquhart & Sullivan, LLP
865 S FIGUEROA ST FLR 10
LOS ANGELES, CA 90017

**Walgreens Boots Alliance, Inc.**

Don William Danz
Holden & Carr
15 E 5TH ST STE 3900
TULSA, OK 74103

Jane Reed Cowdery
Holden & Carr
15 E 5TH ST STE 3900
TULSA, OK 74103

Steven Ernest Holden
Holden & Carr
15 E 5TH ST STE 3900
TULSA, OK 74103

Stuart Paul Ashworth
Holden & Montejano
15 E 5TH ST STE 3900
TULSA, OK 74103

9

Karen P Hewitt
Jones Day
4655 EXECUTIVE DR STE 1500
SAN DIEGO, CA 92121-3134

Larry D Ottaway
Foliart Huff Ottaway & Bottom
201 ROBERT S KERR AVE 12TH FL
OKLAHOMA CITY, OK 73102

Laura Jane Durfee
Jones Day
2727 N Harwood St
Dallas, TX 75201-1515

              *s/Stuart D. Campbell*
              Stuart D. Campbell