UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION       MDL No. 2804

**TRANSFER ORDER**

**Before the Panel**:[*] Plaintiffs move under Panel Rule 7.1 to vacate the Panel's orders conditionally transferring the six actions listed on Schedule A to MDL No. 2804. Southern District of Texas defendants ICU Medical Sales Inc. and Mission Pharmacal Company support the motion to vacate with respect to their action.[1] The remaining responding defendants[2] oppose the motions to vacate.

After considering the argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2804, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for the reasons set out in our order directing centralization. In that order, we held that the Northern District of Ohio was an appropriate Section 1407 forum for actions sharing factual questions regarding the alleged improper marketing and/or distribution of various prescription opiate medications into cities, states and towns across the country. *See In re: National Prescription Opiate Litig.,* 290 F. Supp.3d 1375 (J.P.M.L. 2017). Plaintiffs in the initial motion for centralization were cities, counties and a state that alleged: "(1) manufacturers of prescription opioid medications overstated the benefits and downplayed the risks of the use of their opioids and aggressively marketed (directly and through key opinion leaders) these drugs to physicians, and/or (2) distributors failed to monitor, detect, investigate, refuse and report suspicious orders of prescription opiates." *Id.* at

---

[*] Judge Ellen Segal Huvelle did not participate in the decision of this matter.

[1] Defendant Mylan, Inc. previously moved to vacate the Southern District of Texas action but on May 31, 2018, plaintiff dismissed its claims against Mylan with prejudice.

[2] AmerisourceBergen Drug Corp., Cardinal Health, Inc., Cardinal Health 110 LLC, Cardinal Health 200 LLC, Cardinal Health 414 LLC, McKesson Corp. and McKesson Medical-Surgical Inc. (distributor defendants); Allergan PLC f/k/a Actavis PLC, Actavis LLC, Actavis Pharma, Inc., Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Cephalon, Inc.; Endo Health Solutions Inc., Endo Pharmaceuticals, Inc.; Insys Therapeutics, Inc.; Janssen Pharmaceutica Inc.; Johnson & Johnson; Ortho-McNeil-Janssen Pharmaceuticals, Inc.; Purdue Pharma L.P., Purdue Pharma, Inc., The Purdue Frederick Company, Inc.; Teva Pharmaceutical Industries, Ltd., Teva Pharmaceuticals USA, Inc.; Watson Laboratories, Inc., and Watson Pharmaceuticals, Inc. (manufacturing defendants); CVS Health Corporation, CVS Pharmacy, Inc., Oklahoma CVS Pharmacy, LLC; Wal-Mart Stores, Inc.; Walgreen Co. and Walgreens Boots Alliance, Inc.

I hereby certify that this instrument is a true and correct copy of the original on file in my office. Attest: Sandy Opacich, Clerk
U.S. District Court, Northern District of Ohio
By: /s/Robert Pitts
Deputy Clerk



-2-

1378.  We held that "all actions involve common factual questions about, *inter alia*, the manufacturing and distributor defendants' knowledge of and conduct regarding the alleged diversion of these prescription opiates, as well as the manufacturers' alleged improper marketing of such drugs."  *Id.*

Despite some factual variances among the actions, all of the cases now before us contain a factual core common to the MDL actions: the manufacturing and distributor defendants' knowledge of and conduct regarding the alleged diversion of these prescription opiates, as well as the manufacturers' alleged improper marketing of such drugs.  The actions therefore fall within the MDL's ambit.

The parties opposing transfer do so largely based on contentions that federal jurisdiction is lacking over their cases.  But arguments concerning the propriety of federal jurisdiction are insufficient to warrant vacating conditional transfer orders covering otherwise factually-related cases.[3]  Several parties also assert that their respective action involves unique claims and/or defendants.  The transferee judge can accommodate any unique discovery needs that may arise.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Dan A. Polster for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*
_____
Sarah S. Vance
Chair

| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | R. David Proctor |
| Catherine D. Perry | |

---

[3] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION     MDL No. 2804

## SCHEDULE A

<u>Middle District of Florida</u>

THE COUNTY OF OSCEOLA v. PURDUE PHARMA L.P., ET AL.,
 C.A. No. 6:18−00164

<u>Eastern District of Kentucky</u>

COMMONWEALTH OF KENTUCKY, ET AL. v. MCKESSON CORPORATION, C.A. No. 3:18−00010

<u>Eastern District of Louisiana</u>

ST. BERNARD PARISH GOVERNMENT v. PURDUE PHARMA L.P., ET AL.,
 C.A. No. 2:18−02717

<u>Eastern District of Oklahoma</u>

THE CHEROKEE NATION v. MCKESSON CORPORATION, ET AL.,
 C.A. No. 6:18−00056

<u>Southern District of Texas</u>

COUNTY OF HARRIS v. PURDUE PHARMA L.P., ET AL., C.A. No. 4:18−00490

<u>Southern District of West Virginia</u>

THE COUNTY COMMISSION OF CLAY COUNTY v. PURDUE PHARMA, L.P., ET AL., C.A. No. 2:18−00413