# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **THE CHEROKEE NATION,**<br>      **Plaintiff,**<br><br>            v.<br><br>**MCKESSON CORPORATION;**<br>**CARDINAL HEALTH, INC.;**<br>**CARDINAL HEALTH 110, LLC;**<br>**AMERISOURCEBERGEN DRUG**<br>**CORP.;**<br>**CVS PHARMACY, INC.;**<br>**OKLAHOMA CVS PHARMACY, LLC;**<br>**WALGREEN CO.; and**<br>**WAL-MART STORES, INC.,**<br>      **Defendants.** | **Case No. CIV-18-056-RAW-SPS** |

## AMENDED CASE MANAGEMENT ORDER

The following shall apply to the above-captioned case, for which the Plaintiff's First Amended Complaint was filed on April 10, 2020.

1. **Discovery Schedule.**

    A.  <u>Fact discovery</u>: As specified in the Court's June 11, 2020 order, ECF 160, "fact discovery shall begin immediately and will continue until March 12, 2021." This fact discovery deadline may be altered by stipulation of the parties or by a showing of good cause.

    B.  <u>Document production</u>: As specified in Paragraph 4(B) below, production of documents requested by September 15, 2020 must be substantially complete by 65 days before the close of fact discovery to allow sufficient time for depositions.

C. <u>Expert discovery</u>: Expert discovery shall begin after the close of fact discovery. Plaintiff's expert reports are due 30 days after the close of fact discovery, and Defendants' expert reports are due 40 days after Plaintiffs' expert reports are served. No additional expert reports may be served. All expert depositions must be completed by 30 days after Defendants' expert reports are due.

2. **Related parties.** Related Parties shall be considered as one. For instance, CVS Pharmacy, Inc. and Oklahoma CVS Pharmacy, L.L.C. shall be considered together as one party, unless a Related Party's separateness is substantively relevant to a claim, defense, or trial presentation.

3. **Initial Disclosures.** The parties shall not exchange initial disclosures as described by Federal Rule of Civil Procedure 26.

4. **Document Production.**

A. The parties shall meet and confer about search terms and custodians they intend to search for responsive material and make good faith efforts (a) to reach agreement on custodians to the extent possible and (b) to identify any disputes that cannot be resolved and present them to the Court for prompt resolution.

B. Document production shall be made expeditiously and on a rolling basis, with production of documents requested by September 15, 2020, substantially complete by 65 days before the close of fact discovery to allow sufficient time for depositions. For the avoidance of doubt, nothing in this provision precludes a party from serving additional requests for production of documents in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Oklahoma after that time and before the close of discovery.

C. If documents are produced from a format (such as hard copy) in which there is no metadata identifying the custodial source, that source information shall be supplied through a metadata overlay included with the production.

D. All documents produced must bear a Bates stamp to allow for identification.

E. Defendants may produce documents in the same manner and format as in other opioid litigation in which they have produced documents.

F. If a party contends that requested documents should instead be sought from a third party (such as a vendor or former employee), it shall give prompt notice of that fact, identifying the documents or categories of documents at issue and the third-party source from which that party contends that they should be sought.

5. **Interrogatories.**

A. Parties shall adhere to Local Civil Rule 33.1.

6. **Depositions.**

A. All deposition notices shall comply with the requirements of Federal Rule of Civil Procedure 30(b). All deposition notices shall be served to email addresses provided by the parties.

B. Absent extraordinary circumstances, counsel for the noticing party should consult in advance with counsel for the deponent in an effort to schedule depositions at mutually convenient times and locations. If the parties cannot agree on a date, time, or location for the deposition after undertaking good faith efforts to reach agreement, the deposition may still be noticed, subject to appropriate motions to quash.

C. The time limits for depositions are based on the examination of the noticing party. It shall not include questioning by the party defending the deposition or other opposing counsel. The noticing party shall be entitled to a minute-for-minute re-examination following any

examination conducted by the defending party or other opposing counsel, limited to the subjects raised during the defending party's or other opposing counsels' examination.

      D.      Except as provided herein, the Order Establishing Deposition Protocol in the MDL (attached as Attachment A) shall apply in this case with regard to depositions not taken by remote means or otherwise governed by a separate remote-deposition protocol agreed to by the parties or entered by the Court to account for the circumstances surrounding the COVID-19 pandemic. Additionally, unless otherwise specified in such a remote-deposition protocol, the parties shall comply with the following rules:

      a.      The party hosting a deposition not taken remotely shall provide (i) a room for the deposition that is of sufficient size to accommodate anticipated attendance, along with Wi-Fi, (ii) a breakout room for each side, and (iii) beverages for the witness, court reporter and videographer, and other attendees.

      b.      During examination, a break should not be taken while a question is pending except for the purpose of permitting the witness to consult with his or her counsel concerning a possible assertion of privilege; such consultation shall be privileged. Communications between a witness and his or her counsel during a break taken with no question pending shall not be the subject of inquiry. Such conversations are subject to the attorney-client and work-product privileges.

      c.      Absent unusual circumstances, counsel shall include Bates numbers of any document used as an exhibit. Counsel conducting an in-person examination should have enough copies of all exhibits utilized with the witness so that each party participating in the deposition receives at least one copy, and shall provide copies of any exhibits, videos, or other demonstratives used at the deposition to the court reporter.

7. **Fact Depositions.**

    A.    The Court seeks to lessen the burden of discovery on all parties by taking advantage of depositions already taken or to be taken in *In re: National Prescription Opiate Litigation*, MDL No. 2804 ("MDL") and any opioid litigation involving the Plaintiff or any of these Defendants. Additional depositions are necessary in this action, but the parties should be efficient and both sides should strive to avoid duplicative or marginally relevant depositions without good reason.

    B.    Fact deposition testimony taken in the National Prescription Opiate MDL and any opioid litigation involving the Plaintiff or any of these Defendants shall be deemed as having been taken in this case.

    C.    Absent agreement otherwise by the parties, re-deposition of a fact witness who has already been deposed in the National Prescription Opiate MDL and any opioid litigation involving the Plaintiff or any of these Defendants shall be limited to 3.5 hours. Absent agreement otherwise by the parties, first-time depositions of fact witnesses shall be limited to 7 hours.

    D.    The party issuing a deposition notice shall include in the notice the name of the party or third party from which the testimony is sought (or with whom the witness is affiliated).

    E.    The parties shall make best efforts to reach agreement on a reasonable schedule for depositions. The parties shall work together in good faith to schedule noticed depositions while accounting for deponents' and counsel's schedules. Absent contrary agreement of the parties, custodial file production, if requested and agreed to (or ordered by the Court), must be complete at least 14 calendar days before the custodian's deposition, provided the deposition is noticed for after the deadline for the substantial completion of discovery.

8. **Rule 30(b)(6) Depositions.**

    A.    Unless the parties agree otherwise, Plaintiff is allowed to take a 4.5-hour 30(b)(6) deposition from each Defendant, and Defendants are each allowed to take a 9-hour 30(b)(6) deposition of Plaintiff.

    B.    A party receiving a Rule 30(b)(6) notice shall serve any objections it has to that notice within 14 days of receipt of the notice. The parties shall promptly meet and confer concerning those objections and shall submit any disputes that cannot be resolved to the Court so that the deposition(s) can move forward without undue delay.

    C.    Within 21 days after a party has received a Rule 30(b)(6) notice, that party shall identify its designees for the topics in the 30(b)(6) notice for which it did not object pursuant to Paragraph 7(C), setting forth the topics for which each witness is designated.

    D.    There is no limit on the number of designees a party may designate to testify on its behalf in response to a Rule 30(b)(6) notice.

    E.    Consistent with the requirements of the Federal Rules of Civil Procedure, all documents relied upon by a witness in preparing for 30(b)(6) testimony must be produced in advance of the deposition. Where a fact deponent is also designated for 30(b)(6) topics, the witness shall testify in separate depositions, one as to facts and one as to designated 30(b)(6) topics.

    F.    Errata to deposition transcripts must be verified pursuant to 28 U.S.C. § 1746 but need not be notarized.

9. **Third Party Discovery.**

    A.    Subpoenas seeking production of documents from, or depositions of, third parties may be served on third parties immediately.

B. The parties shall comply with the requirements of the Federal Rules of Civil Procedure to provide timely notice of service of any third-party subpoenas. Any party that serves a subpoena for documents on a third party shall make any documents produced in response to that subpoena, whether formally or informally in lieu of formal production, available to all parties and serve a cover letter identifying the source and Bates range of the documents within three business days of processing of the documents by that party's e-discovery vendor. Such documents shall be processed expeditiously for this purpose. To avoid disputes about compliance with these requirements, a party receiving documents from a third party pursuant to a subpoena shall provide separate notice of that fact to all other parties within 48 hours of receipt of any such documents. If delay of more than seven days is anticipated in the processing of the documents by the party's e-discovery vendor for re-production as provided above, notice shall be given of that fact. If documents are received from a third party whose deposition is to take place fewer than ten days after receipt of the documents, the party in possession of the documents shall expeditiously produce the documents to all other parties in the format received from the third party.

10. **Joinder of Additional Parties.** The deadline to join additional parties by third-party complaint shall be 60 days before the close of fact discovery.

11. **Expert Discovery.**

A. Each party shall produce, at the same time it serves the disclosures and other materials required under Federal Rule of Civil Procedure 26(a)(2) for each of its experts, the "facts or data considered by the witness in forming" the expert's opinions. Documents relied upon that were produced in discovery in this case by any party may be identified by Bates number and need not be re-produced; and materials that are publicly and easily available without cost (e.g., over the Internet) need not be produced. All other data and documents must be produced and Bates stamped

as provided in this Case Management Order. Each party must provide the materials required to be produced, including work papers, spreadsheets, data sets, and exhibits, in a usable format to allow evaluation of any analyses performed. To the extent that an expert's work product is designated confidential, it shall be subject to the governing protective order. The parties shall cooperate in exchanging programs or other materials necessary to allow full review and evaluation of the disclosed expert analyses. Nothing in this paragraph expands in any way the disclosure requirements of Federal Rules of Civil Procedure 26(a)-(b).

      B.      The parties will abide by the section of Dkt. 3359 in the MDL titled "Ruling Regarding Re-deposition of Witnesses" applying to expert witness depositions, attached as Attachment B. When applying this order, the parties agree to substitute this above-captioned litigation for "Track Three" and "MDL Tracks One, Two, and Three" for "Track One" in the section of the order titled "Expert Witnesses."

12.     **Protective Order.** Except as otherwise ordered by the Court, the protective order and its amendments entered in the MDL shall apply in this case, attached as Attachment C.

13.     **Insurance Information.** Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iv), the parties shall produce any insurance agreements not otherwise produced in the MDL under which an insurance business may be liable to satisfy all or part of a possible judgment in this case, or to indemnify or reimburse for payments made to satisfy any judgment. This includes agreements insuring against general liability, product liability, directors' and officers' liability, and any other applicable agreements. The insurance agreements shall be produced subject to the governing protective order, no later than November 1, 2020.

14.     **Communications with Witnesses.** A party seeking to schedule the deposition of the former employee of another party shall seek to coordinate in the first instance with the witness's

former employer as required by the Order Establishing Deposition Protocol in the MDL. If the former employee elects not to cooperate with counsel for his or her former employer for this purpose, such counsel shall promptly inform the party seeking the deposition of that fact so that it may pursue other options.

15. **Touhy Requests.** If any party submits a Touhy request to the federal government (or a similar request to any state agency) for any discovery sought in the above-captioned cases, it shall serve that request contemporaneously on all parties. Any formal response received in response to such a request shall be served on all parties upon receipt.

16. **Dispositive Motions and Motions to Exclude Expert Testimony.**

**Motions for Summary Judgment**

Summary judgment motions are due **August 19, 2021**.

Response Briefs are due 30 days later, by **September 20, 2021**.

Reply Briefs are due 20 days later, by **October 11, 2021.**

*Daubert* **Motions**

*Daubert* motions are due **August 26, 2021**.

Response Briefs are due 30 days later, by **September 27, 2021.**

Reply Briefs are due 20 days later, by **October 18, 2021.**

The Pretrial Conference and Trial dates will be set by later order of the District Judge.

IT IS SO ORDERED this 13th day of October, 2020.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma