# Exhibit 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Oklahoma

| THE CHEROKEE NATION | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 18-CV-00056-SPS |
| MCKESSON CORPORATION, ET AL | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:   Oklahoma Bureau of Narcotics, 419 NE 38th Terrace, Oklahoma City, OK 73105

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE ATTACHED EXHIBIT A

| Place: Holden Litigation<br>15 E 5th Street, Suite 3900<br>Tulsa, OK 74103 | Date and Time:<br>11/10/2020 12:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   10/16/2020

*CLERK OF COURT*

OR

_____   s/Steven E. Holden
*Signature of Clerk or Deputy Clerk*   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT 1

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 18-CV-00056-SPS

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Walgreen Co. hereby serves the following Requests for Production of Documents on the Oklahoma Bureau of Narcotics and Dangerous Drugs Control.

## DEFINITIONS

A. "ARCOS" means the Automation of Reports and Consolidated Orders System containing data reported by DEA Registrants pursuant to 21 U.S.C. § 827.

B. "Communications" means Documents transmitted between or among persons or entities.

C. "Complaint" means the Complaint filed in this action, or any superseding version of the Complaint.

D. "Documents" is defined to be synonymous in meaning and equal in scope to the meaning of this term in Fed. R. Civ. P. 34. A draft or non-identical copy is a separate Document within the meaning of this term. In all events, the definition of "Document" shall include "Communication," as defined above.

E. "Defendants" means the defendants in *The Cherokee Nation v. McKesson Corp., et al.*, Case No. CIV-18-56-RAW-SPS (E.D. Ok.), which includes: McKesson Corporation, Cardinal Health, Inc., Cardinal Health 110, LLC, Amerisourcebergen Drug Corporation, CVS Health Corporation, CVS Pharmacy, Inc., Oklahoma CVS Pharmacy, LLC, Walgreens Boots Alliance, Inc., Walgreen Co., and Walmart Inc. (formerly known as Wal-Mart Stores, Inc).

F. "Healthcare Provider" refers to any physician, surgeon, nurse practitioner, physician assistant, physiatrist, psychiatrist, dentist, podiatrist, nurse, or other person or entity engaged in the business or administration of providing health care services and/or prescribing a Prescription Opioid and any medical facility, practice, hospital, or clinic.

G. "Prescription Opioids" means FDA-approved pain-reducing medications that consist of natural, synthetic, or semisynthetic chemicals that bind to opioid receptors in the brain or body to produce an analgesic effect, specifically medications containing hydrocodone, oxycodone, fentanyl, hydromorphone, oxymorphone, morphine, methadone, or tapentadol that may be obtained by patients only through prescriptions written by prescribers duly licensed and regulated by the Drug Enforcement Agency ("DEA").

H. "Illicit Opioids" means Prescription Opioids and heroin, illegally-manufactured fentanyl, carfentanil, other fentanyl-type analogs, and counterfeit opioid medications that are not obtained and used lawfully pursuant to a legitimate prescription from a duly licensed and DEA-registered prescriber.

   I. "<u>Manufacturer Lawsuit</u>" means *State of Oklahoma, ex rel., Mike Hunter, Attorney General of Oklahoma v. Purdue Pharma L.P., et al.*, No. CJ-2017-816 in the District Court of Cleveland County, Oklahoma.

   J. "<u>Plaintiff</u>" means the Cherokee Nation including without limitation its territories, agencies, offices, departments, divisions, commissions, agents, employees, boards, instrumentalities, vendors, administrators, executive and legislative branches, and any other person or entity acting on its behalf or controlled by it. Plaintiff further includes without limitation any health care systems or facilities owned, affiliated, operated or supported by or with Plaintiff.

   K. "<u>Referring or relating to</u>" means relevant in any way to the subject matter specified, including, but not limited to, constituting, recording, reflecting, discussing, analyzing, evidencing, mentioning, concerning, evaluating, or commenting upon the subject matter.

   L. "<u>Relevant Geographic Area</u>" means the geographic area that is relevant to the claims and defenses in *The Cherokee Nation v. McKesson Corp., et al.*, Case No. CIV-18-56-RAW-SPS (E.D. Ok.), , specifically those portions of Adair, Cherokee, Craig, Delaware, Mayes, McIntosh, Muskogee, Nowata, Ottawa, Rogers, Sequoyah, Tulsa, Wagoner, and Washington Counties claimed by the Cherokee Nation as its jurisdictional area. For illustration purposes only, see also the map available at https://www.okhouse.gov/Documents/Districts/14-1101%20OK%20House%20and%20Tribal.pdf.[1]

   M. "<u>Suspicious Order(s)</u>" means any order of Prescription Opioids referred to in a Document or Communication as "suspicious" within the meaning of 21 C.F.R. § 1301.74(b) or that You contend should have been reported to the DEA or state authorities, including the Board of Pharmacy or equivalent. Suspicious Orders are not limited to those placed with Defendants but include those placed with any entity that You assert had a regulatory reporting obligation under 21 C.F.R. § 1301.74(b).

   N. "<u>You</u>" and "<u>your</u>" means the Oklahoma Bureau of Narcotics and Dangerous Drugs Control.

**INSTRUCTIONS**

   A. Unless otherwise indicated, the relevant time period applicable to these requests is 2006 to the present.[2]

   B. These instructions and definitions should be construed to require responses based upon the documents available to the responding party as well as his agents, representatives, and, unless privileged, attorneys.

---

[1] Should the Court issue a ruling establishing that the relevant geographic scope of discovery extends beyond the Cherokee Nation claimed jurisdictional area, Defendants will revise this definition accordingly.

[2] Should the Court issue a ruling establishing a different time period for discovery, Defendants will revise the relevant time period accordingly.

  C. Where a claim of privilege is asserted in objecting to any Request or part thereof, and a document is not provided on the basis of such assertion:

   i. In asserting the privilege, the responding party shall, in the objection to the Request, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed;

   ii. The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information,

    1. the type of document,

    2. the general subject matter of the document,

    3. the date of the document, and

    4. such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

  D. If, in answering these requests, the responding party encounters any ambiguities when construing a question, instruction, or definition, the responding party's answer shall set forth the matter deemed ambiguous and the construction used in answering.

  E. As to any Request for which documents exist, please indicate the specific paragraph of this Request to which the documents are responsive. As to any Request for which no documents exist, please so state by referring to the specific paragraph of the Request and state whether any documents once existed, but have since been lost or destroyed.

  F. If any of the documents requested were destroyed or are otherwise unavailable, please identify each such document in accordance with the foregoing definitions.

  G. Responsive information should be produced to the attention of Steven Holden at Holden Litigation, 15 East 5th Street, Suite 3900, Tulsa, OK 74103.

  H. Each page of every Document should be marked with a unique identifier or "Bates stamp."

  I. Documents that are in paper form or that constitute other physical objects from which recorded information may be visually read, as well as audio or video tapes or text messages and similar recordings, should be produced in their original form or in copies that are exact duplicates of the originals. Computer files and similar electronic records should be produced in a readable form. Please let the undersigned know if there are charges or fees for searching or copying and, if so, also advise whether you will provide an invoice for the cost after production or if prepayment is required.

J. Please produce password-protected Documents with any applicable passwords.

K. Should you consider any of the documents requested to be confidential such that they should not be generally disseminated to the public or released to the press, please designate these documents as such under the operative Protective Order in this case (copy attached).

L. Should you determine that any of the documents requested contain personal health information that may not be disclosed pursuant to HIPAA or analogous state law, please redact that information and assign in its place a unique identifier specific to that information. The same unique identifier shall be used for every instance where that same information is redacted.

M. The Documents produced in response to these Requests shall include all amendments, enclosures, cover memos, routing slips, and other transit memos.

N. All Documents produced in response to these Requests shall be produced in toto, notwithstanding the fact that portions thereof may contain information not requested.

O. For any data provided, all relevant characteristics/fields and codes should be produced, along with data dictionaries.

## REQUESTS FOR PRODUCTION

1. Prescription data from the Oklahoma Prescription Monitoring Program and the Oklahoma Schedule Two Abuse Reduction System for the Relevant Geographic Area for Prescription Opioids. For each prescription, identify the drug name, prescription number, NDC number, date filled, date written, quantity dispensed, quantity prescribed, dosage form, days' supply, MME, prescriber's name, prescriber's DEA number, prescriber's NPI number, prescriber's address, prescriber's specialty, dispensing pharmacist, dispensing pharmacy, patient's unique identification number, patient's state of residence, patient zip code, number of refills authorized (if any), diagnostic code, method of payment, patient paid amount, whether the prescription was covered by third party payers, pharmacy's name and store number, pharmacy's address, pharmacy's DEA number, and any other fields identified following a meet and confer with counsel for Walgreens.

2. Reports generated from the Oklahoma Prescription Monitoring Program, the Oklahoma Schedule Two Abuse Reduction System, or ARCOS that You generated or otherwise received related to Prescription Opioids and the Relevant Geographic Area, including but not limited to reports regarding patients, prescribers, pharmacies, or pharmacists meeting certain characteristics relating to Prescription Opioids.

3. All Documents relating to the use of or requests for information from the Oklahoma Prescription Monitoring Program or the Oklahoma Schedule Two Abuse Reduction System by Plaintiff and/or any entities or persons affiliated with Plaintiff, including requests for information.

4. All Documents reflecting or relating to all data analyses, statistical analyses and machine learning tools used by the Oklahoma Prescription Monitoring Program or the Oklahoma Schedule Two Abuse Reduction System to analyze prescription data or wholesale distribution data related to Prescription Opioids in the Relevant Geographic Area.

5. Documents sufficient to show the percentage of Prescription Opioids prescribed by Healthcare Providers employed by Cherokee Nation or Indian Health Service or working at any hospitals, clinics, or other facilities owned, operated, or supported by, or affiliated with, Cherokee Nation Service as compared to prescriptions for Prescription Opioids written by any Healthcare Provider.

6. All Documents reflecting or referring to complaints, investigations, inquiries, problems, complaints, or disciplinary actions related to, or reflecting harm resulting from, the refusal or failure of a Healthcare Provider, pharmacist, or other pharmacy employee to prescribe or dispense Prescription Opioids in the Relevant Geographic Area.

7. All Documents relating to the legitimate need for and/or use of Prescription Opioids, including studies, reports, investigations, or analyses regarding the benefits and/or

medical uses of Prescription Opioid medications that were prepared by, received by, or participated in by You.

8.  All Documents constituting or reflecting guidance, publications, notices, or other Communications from or to You, including but not limited to Communications between You and Plaintiff, regarding Prescription Opioids or Illicit Opioids.

9.  Educational efforts or community outreach efforts by You, including publications or studies that You sponsored, disseminated, produced, supported, participated, or engaged in pertaining to Prescription Opioids or Illicit Opioids, including the legal or illegal use, misuse, or abuse of, or addiction to, such drugs.

10. Your files and records relating to actual or potential diversion or misuse of Prescription Opioids in the Relevant Geographic Area, including but not limited to the following: (a) correspondence related to potential or actual diversion, improper prescribing or dispensing, refusal to prescribe or dispense, or misuse of Prescription Opioids; (b) correspondence from or to the DEA or any other federal agency, any Oklahoma state officer or agency, any tribal officer or agency, or any official of any Oklahoma county or municipality relating to the potential or actual diversion, improper prescribing or dispensing, refusal to prescribe or dispense, or misuse of Prescription Opioids; and (c) complaints made to You relating to Healthcare Providers, pharmacists, other pharmacy employees, or other entities regulated by You relating to potential or actual diversion, improper prescribing or dispensing, refusal to prescribe or dispense, or misuse of Prescription Opioids, and correspondence and other records relating to such complaints.

11. All Documents reflecting or describing efforts of any kind (including any processes involving review of the Oklahoma Prescription Monitoring Program or the Oklahoma Schedule Two Abuse Reduction System data) by You to identify, investigate, combat, prosecute, sanction,

or report to other Oklahoma state agencies, federal agencies, tribal agencies, or to federal, state, tribal, or local law enforcement any of the following regarding Prescription Opioids in the Relevant Geographic Area: (i) potential or actual diversion, improper prescribing or dispensing, refusal to prescribe or dispense, or misuse of Prescription Opioids; (ii) potential or actual doctor-shopping, counterfeiting, diversion, or misuse of prescriptions by patients; or (iii) prescription and illicit drug-related mortality and morbidity, including but not limited to all documents referring or relating to resources (personnel, budget, etc.) You have dedicated to these efforts..

12. All Documents reflecting or relating to any investigation or enforcement action (including but not limited to fines, suspensions, revocations, and letters or other formal warnings or notices) taken by You involving any person or entity that related to the manufacturing, distribution, dispensing, failure to dispense, prescribing, failure to prescribe, diversion, or misuse of Prescription Opioids in the Relevant Geographic Area, including but not limited to all documents referring or relating to resources (personnel, budget, etc.) You have dedicated to these efforts.

13. All documents and Communications identifying, discussing, or relating to any individuals or entities You suspect or know have unlawfully produced, transported, diverted, sold, and/or trafficked Prescription or Illicit Opioids within the Relevant Geographic Area.

14. All Documents reflecting or relating to any Defendant, including but not limited to any Defendant's cooperation, assistance, and/or participation in any inspection, audit, investigation, or enforcement action (including but not limited to enforcement actions related to fines, suspensions, revocations, and letters or other formal warnings or notices) taken by You against any person or entity relating to the manufacturing, distribution, dispensing, failure to

dispense, prescribing, failure to prescribe, diversion, or misuse of Prescription Opioids or Illicit Opioids in the Relevant Geographic Area.

15. All Documents reflecting or relating to any inspection, audit, or investigation conducted by You of any Defendant in the Relevant Geographic Area, including inspections and audits that did not lead to any further investigation or enforcement action.

16. All Documents reflecting or relating to Your policies and procedures and training with respect to inspections, audits and/or investigations of registrants, and summary information of inspections, audits and/or investigations of registrants by year.

17. All Documents reflecting or relating to Your registering and discipline of registrants on a summary basis by year.

18. All Documents relating to Your identification or investigation of the factors that caused or contributed to Prescription Opioid or Illicit Opioid abuse in the Relevant Geographic Area.

19. All Documents related to the information either submitted to You or created by You pursuant to 63 Okla. Stat. § 2-309C that pertains to Prescription Opioids in the Relevant Geographic Area, including but not limited to Your efforts to identify manufacturers, distributors, Healthcare Providers, pharmacists, pharmacy employees, or any other Person who might be involved in diversion or misuse of Prescription Opioids as well as Your approach in investigating, sharing, or in any way responding to reports and Your development of any criteria for the production of reports.

20. All Documents related to Your receipt, organization, analysis, utilization, and handling of the information required pursuant to 21 U.S.C., Section 827(d)(1) that drug manufacturers and distributors submit to You under 63 Okla. Stat. § 2-302(D) related to

Prescription Opioids in the Relevant Geographic Area, including but not limited to Your efforts to identify manufacturers, distributors, Healthcare Providers, pharmacists, pharmacy employees, or any other Person who might be involved in diversion or misuse of Prescription Opioids as well as any Communications between You and the DEA, or any other state or federal agency, or between You and any county or municipal official, regarding Prescription Opioids and the information required pursuant to 21 U.S.C. Section 827(d)(1) that is submitted to You under 63 Okla. Stat. § 2-302(D).

21. All Documents related to the Oklahoma Drug Endangered Children program related to the Relevant Geographic Area.

22. All Documents related to the Safe Trips for Scripts program related to the Relevant Geographic Area.

23. All Documents related to Oklahoma Drug Threat Assessment reports related to the Relevant Geographic Area.

24. All Documents related to the Overdose Detection Mapping Application Program (ODMAP) that relate to Prescription Opioids or Illicit Opioids in the Relevant Geographic Area.

25. All Documents related to any report to the Oklahoma legislature under 63 Okla. Stat. § 2-112 regarding progress on the Opioid Act of 2019.

26. Your annual reports from 1996 to the present.

27. All documents relating to the nature and volume of crimes, overdoses, and deaths resulting from use, possession, sale, distribution, diversion of, or addiction to Illegal Opioids or Prescription Opioids in the Relevant Geographic Area, including but not limited to the nature and volume of such crimes, overdoses, and deaths among members of the Cherokee Nation.

28. All documents referring or relating to the source(s) of Your funding for, and amounts spent on, initiatives related to Prescription Opioids.

29. All documents referring or relating to any actual or potential grants, loans, other financial assistance relating to Prescription Opioids for which You applied or considered applying.

30. All documents relating to any fees or costs You charge Plaintiff for the services You perform or relating to any cost, expenditure, damage, loss, or harm Plaintiff has incurred for opioid-related services.

31. All documents relating to any funding you receive from or provide to Plaintiff.

32. All compacts or contracts between You and Plaintiff.

33. All Documents concerning the meaning of the term "suspicious orders" in connection with orders for controlled substances.

34. All Documents discussing, referring, or relating to your efforts to facilitate intelligence or information sharing and promote coordinated strategies to combat the use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, and/or trafficking of Prescription Opioids or Illicit Opioids within or into the Relevant Geographic Area.

35. All documents produced by You in the Manufacturer Lawsuit to any party.

7280788.1