## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE CHEROKEE NATION, | |
| Plaintiff, | |
| v. | Case No. 6:18-cv-00056-RAW-SPS |
| MCKESSON CORPORATION; CARDINAL HEALTH, INC.; CARDINAL HEALTH 110, LLC; AMERISOURCEBERGEN DRUG CORPORATION; CVS PHARMACY, INC.; OKLAHOMA CVS PHARMACY, L.L.C.; WALGREENS BOOTS ALLIANCE, INC.; WALGREEN CO.; WAL-MART STORES, INC., | Hon. Ronald A. White |
| Defendants. | |

## PHARMACY DEFENDANTS' MOTION TO CERTIFY ORDER
## FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)

## INTRODUCTION

Plaintiff Cherokee Nation ("the Nation") seeks to hold Pharmacy Defendants[1] liable for distributing FDA-approved and DEA-regulated opioid medications to their own stores, and then dispensing those medications to fill prescriptions written by authorized medical professionals, on the theory that Pharmacy Defendants were required to second-guess the medical judgment of doctors and the professional judgment of their own pharmacists. The Nation alleges that it can pursue its claims based on purported duties under the federal Controlled Substances Act ("CSA"), but the CSA is "enforceable only by the Attorney General and, by delegation, the Department of Justice." *Smith v. Hickenlooper*, 164 F. Supp. 3d 1286, 1290 (D. Colo. 2016) (quoting *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 293 (3d Cir. 2010)).

Pharmacy Defendants agree with Distributor Defendants that the Court should certify an appeal of its holding that regulations promulgated pursuant to the CSA impose a duty on distributors not to ship so–called "suspicious orders." ECF 315 at 18. Although the Court primarily dealt with that issue in its order denying Distributor Defendants' motion to dismiss, it also "adopt[ed] the conclusions it reached with respect to distributor Defendants' arguments that they lacked duties under the CSA" in its March 29, 2021 Order denying Pharmacy Defendants' motion to dismiss. ECF 289, "Pharmacy Dismissal Order," at 11; *see also* Pharmacy Dismissal Order at 19 (rejecting Pharmacy Defendants' distribution arguments "for the reasons set out in its order addressing distributor Defendants' Motion to Dismiss (ECF 288, "Distributor Dismissal Order")). Pharmacy Defendants also ask this Court to certify for interlocutory appeal certain rulings related to dispensing issues. This Court should authorize the Pharmacy Defendants to appeal the holdings that (1) the CSA imposes corporate-level liability for dispensing of opioids, and (2) the Nation can

---

[1] Pharmacy Defendants are CVS Pharmacy, Inc.; Oklahoma CVS Pharmacy, L.L.C.; Walgreens Boots Alliance, Inc.; Walgreen Co.; and Walmart Inc.

enforce the CSA's regulations through a private right of action. Pharmacy Dismissal Order at 11–13.

Those portions of the Court's Pharmacy Dismissal Order meet the criteria for interlocutory appeal certification because they "involve[] . . . controlling question[s] of law" as to which "there is substantial ground for difference of opinion," and "an immediate appeal . . . may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Pharmacy Defendants request that, given the novelty of these interpretive questions and their far-reaching consequences for this litigation and beyond, the Court certify the Order for interlocutory appeal. To avoid piecemeal proceedings, and in light of Distributor Defendants' own 1292(b) motion, this litigation would benefit from a definitive answer on all CSA-related questions.[2]

## LEGAL STANDARD

Under 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal if three conditions exist: (1) the "order involves a controlling question of law" (2) "as to which there is substantial ground for difference of opinion and" (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The first and third conditions ask whether the question is "a pure question of law," *In re SemGroup Energy Partners, L.P.*, 729 F. Supp. 2d 1276, 1312 (N.D. Okla. 2010), on which reversal would "result in some immediate effect on the course of the litigation and in some resource savings to either the court or the litigants," *Dunn v. United Reg'l Health Care Sys., Inc.*, No. 08-cv-00620, 2010 WL 11613791, at *2 (W.D. Okla. Mar. 8, 2010). And "a substantial ground for difference of opinion exist[s] where a party presented 'colorable arguments' in support of its alternative position." *Farmer v. Kan. State Univ.*, No. 16-cv-2256, 2017 WL 3674964, at *3 (D. Kan. Aug. 24, 2017).

---

[2] Pharmacy Defendants do not seek a stay from this Court.

"[D]istrict courts should not hesitate to certify an interlocutory appeal" when "[t]he preconditions for § 1292(b) review" are "satisfied." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 110–11 (2009).

## ARGUMENT

Pharmacy Defendants seek certification on these controlling questions of law:

**(1)** whether the CSA imposes "corporate-level liability for dispensing of opioids; [or is] instead . . . limited to pharmacists," Pharmacy Dismissal Order at 11;

**(2)** whether the CSA imposes "not only a duty to report suspicious orders once detected, but also a duty to either not fulfill those orders or to investigate them to determine that they are not likely to be diverted to illegal channels," Distributor Dismissal Order at 10; Pharmacy Dismissal Order at 11, 19; and

**(3)** whether the Nation's action represents an impermissible enforcement of "the CSA's regulations through a private right of action." Pharmacy Dismissal Order at 11.

Each of these is a pure legal question, and answering these controlling questions will materially advance the termination of this litigation. Given the substantial grounds for difference of opinion—illustrated by the disagreement among lower courts—this litigation would be materially advanced by allowing the Tenth Circuit a chance to definitively resolve these questions.

**I.  Determining the import of relevant CSA provisions and regulations involves controlling questions of law, and resolving these questions of interpretation will materially advance the termination of this litigation.**

Each of the questions on which Pharmacy Defendants seek certification involves pure questions of law. *See In re SemGroup Energy Partners, L.P.*, 729 F. Supp. 2d at 1312. A "pure question of law [is] something the court of appeals could decide quickly and cleanly without

having to study the record." *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000) (Posner, C.J.). As explained in Pharmacy Defendants' motion to dismiss, the CSA does not impose the duties that the Nation claims. Even if it did, moreover, the Nation has no right to enforce the CSA's regulatory scheme. Pharmacy Defs.' Mot. to Dismiss, ECF 147, at 4 n.2, 11–16 (May 11, 2020). Although this Court disagreed, its rejection of Pharmacy Defendants' argument at the motion to dismiss stage—without reference to any of the Nation's factual allegations—shows that these questions are "pure question[s] of law." *In re SemGroup Energy Partners, L.P.*, 729 F. Supp. 2d at 1312. As this Court's analysis demonstrates, the Tenth Circuit will need to examine only the plain meaning of the statutory and regulatory text at issue (as well as relevant case law) to resolve the questions presented. *See Bd. of Educ. of Gallup-McKinley Cnty. Schs. v. Native Am. Disability L. Ctr., Inc.*, 959 F.3d 1011, 1013 (10th Cir. 2020).

These pure questions of law are controlling because the Nation predicates its claims on the CSA. As this Court recognized, "[t]he Nation alleges violations of the duties imposed by the CSA serve as the 'unlawful act' or 'omitted duty' that gave rise to" its claims. Pharmacy Dismissal Order at 11 n.7. Thus, determining whether the CSA actually creates any such duty, and whether the Nation has any right to enforce such a duty if it exists, controls the outcome of this litigation. *See* Okla. Stat. Ann. tit. 50, § 1 (nuisance); *Lowery v. Echostar Satellite Corp.*, 160 P.3d 959, 964 (Okla. 2007) (negligence); *see also* Resp. to Mots. to Dismiss, ECF 159, at 26 (June 11, 2020) (predicating liability on the CSA). Accordingly, resolution of these issues involves controlling questions of law. *See, e.g.*, *Mayer v. Bernalillo Cnty.*, No. 18-cv-0666, 2018 WL 6594231, at *23 (D.N.M. Dec. 13, 2018) (a legal issue is "controlling" when its resolution will determine if a "particular claim exists") (citation omitted); *see also* Charles Alan Wright. et al., § 3930 Criteria for Permissive Appeal, 16 Fed. Prac. & Proc. Juris. § 3930 (3d ed. 2021) ("Wright & Miller")

("There is no doubt that a question is 'controlling' if its incorrect disposition would require reversal of a final judgment").

Moreover, a ruling for the Pharmacy Defendants on these questions would have an "immediate effect on the course of the litigation," saving time and resources—for both the Court and the parties—by clarifying whether the Nation can pursue its CSA-based claims at all and, if so, the appropriate scope of potential liability on those claims. *Dunn*, 2010 WL 11613791, at *2; *see also Am. Fid. Assurance Co. v. Bank of N.Y. Mellon*, No. 11-cv-1284, 2014 WL 8187951, at *3 (W.D. Okla. Dec. 12, 2014). If the Tenth Circuit concludes that the Nation is barred from seeking a common-law tort remedy for any duty derived from the CSA, that holding will "materially advance the ultimate determination of this litigation because [such] a ruling . . . would terminate" all claims based on a CSA duty. *Farmer*, 2017 WL 3674964, at *6. Likewise, resolving the corporate-level liability question and no-ship duty questions would generate efficiency for both discovery and dispositive motions briefing, and resolve liability issues before a long trial that may lead to a verdict that could be reversed on the very same issues. *See State of Utah By & Through Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994) (noting the importance of avoiding "wasted trial court time" when evaluating whether an appeal would "materially advance" litigation). Without interlocutory appeal, extensive discovery will proceed on the erroneous proposition that the Nation can define relevant duties according to the CSA. After protracted discovery, this Court will likely face dueling motions for summary judgment, again predicated on CSA duties. To the extent material factual issues remain, trial and associated briefing will also revolve around disputed theories of liability. Giving the Tenth Circuit a chance to clarify these liability issues before lengthy proceedings would materially advance this litigation, saving time and resources for this Court and the parties. *See Dunn*, 2010 WL 11613791, at *2.

5

II.     **There is substantial ground for difference of opinion on the correct interpretation of the relevant CSA provisions and regulations.**

A "substantial ground for difference of opinion" exists when a case involves a "difficult" question and "a party present[s] 'colorable arguments' in support of its alternative position." *Farmer*, 2017 WL 3674964, at *3. This inquiry includes the extent to which "controlling law is unclear" and whether "the court of appeals of the circuit has . . . spoken on the point." *Diaz v. King*, No. 14-cv-1086, 2016 WL 8925344, at *3 (D.N.M. Jan. 13, 2016) (quoting *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)).

The division among the courts on the questions presented in the motion-to-dismiss briefing establishes the need for appellate review. Some courts have agreed with this Court's conclusions. *City & Cnty. of San Francisco v. Purdue Pharma L.P.*, 491 F. Supp. 3d 610, 632, 669–72 (N.D. Cal. 2020) (concluding that the CSA's implementing regulations impose enforceable no-ship and corporate-level dispensing duties); *In re Nat'l Prescription Opiate Litig.*, 477 F. Supp. 3d 613, 631 (N.D. Ohio 2020), *clarified on denial of reconsideration*, No. 17-MD-2804, 2020 WL 5642173 (N.D. Ohio Sept. 22, 2020); *In re Nat'l Prescription Opiate Litig.*, No. 17-MD-2804, 2019 WL 3917575, at *8 (N.D. Ohio Aug. 19, 2019). But others have disagreed. *See McKesson Corp. v. Hembree*, No. 17-cv-323, 2018 WL 340042, at *5 (N.D. Okla. Jan. 9, 2018) (explaining that "[t]he CSA does not provide a private right of action" and collecting cases in which "courts have rejected private attempts to enforce the CSA through other vehicles"); *State of Rhode Island v. Purdue Pharma L.P.*, No. PC-2018-4555, 2020 WL 2315956, at *3, *5 (R.I. Super. Ct. May 05, 2020) (holding that the "no shipping" duty "does not appear in the text of the CSAs or the associated regulations"); Ex. A, *In re Opioid Litig.*, No. 400000/2017, Slip Op. at 3 (N.Y. Sup. Ct., Suffolk Cnty. Apr. 9, 2020) (dismissing claims against pharmacies as dispensers of prescription opioids and endorsing the principle that the responsibility for proper dispensing resides not at the corporate

level but at the level of the individual pharmacist). Of course, 28 U.S.C. § 1292(b) does not require the district court to reassess its own resolution of the legal questions. Nor does it impose a "certainly wrong" standard. It asks only whether "there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). That multiple jurists disagree about these controlling questions of law makes clear that substantial grounds for difference of opinion exist.

Moreover, "[t]he level of uncertainty required to find a substantial ground for difference of opinion should be adjusted to meet the importance of the question in the context of the specific case." Wright & Miller, § 3930. "If proceedings that threaten to endure for several years depend on an initial question . . . certification may be justified at a relatively low threshold of doubt." *Id.* The present proceedings, and related opioid litigation matters, substantially revolve around what role, if any, the CSA plays in determining liability.[3] These questions are ones "on which the Tenth Circuit should be afforded an opportunity to rule" and "definitively" resolve these questions. *Los Lobos Renewable Power, LLC v. Americulture, Inc.*, No. 15-cv-0547, 2016 WL 8261743, at *2 (D.N.M. Mar. 22, 2016); *see also Diaz*, 2016 WL 8925344, at *3 (noting that the substantial-ground determination considers lack of clarity on "controlling law" and the presence of disputes between courts where "the court of appeals of the circuit has not spoken on the point").

## CONCLUSION

For the foregoing reasons, pursuant to 28 U.S.C. § 1292(b) Pharmacy Defendants respectfully request that the Court enter an order certifying for immediate interlocutory appeal the portions of its Pharmacy Dismissal Order finding that Pharmacy Defendants have legal duties

---

[3] As Distributors point out there are "as many as 200 or more cases" "pending within the federal MDL to which Tenth Circuit law would apply on remand." ECF 315 at 17.

under the CSA that are enforceable by the Nation under state nuisance and negligence law.[4]

Dated:  May 7, 2021

Respectfully submitted,

*/s/Amy Sherry Fischer*
Larry D. Ottaway, OBA #6816
Amy Sherry Fischer, OBA #16651
FOLIART, HUFF, OTTAWAY & BOTTOM
201 Robert S. Kerr Avenue, 12th Floor
Oklahoma City, OK 73102
Phone:  (405) 232-4633
Fax:  (405) 232-3462
E-mail: larryottaway@oklahomacounsel.com
E-mail: amyfischer@oklahomacounsel.com

Jason Varnado
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Phone: (832) 239-3939
Fax: (832) 239-3600
E-mail: jvarnado@jonesday.com

Laura Jane Durfee
Andrew Junker
JONES DAY
2727 N. Harwood St.
Dallas, TX 75201
Phone: (214) 220-3939
Fax: (214) 969-5100
E-mail: ldurfee@jonesday.com
E-mail: ajunker@jonesday.com

*Attorneys for Walmart Inc.*

---

[4] Pursuant to local rule 7.1 (f), counsel have met and conferred by telephone because of the distance between their office locations. Plaintiff objects to the relief requested in this motion.

*/s/Eric R. Delinsky (consent)*
Eric R. Delinsky (admitted *pro hac vice*)
Alexandra W. Miller (admitted *pro hac vice*)
Paul B. Hynes, Jr. (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
1800 M Street, NW
Suite 1000
Washington, DC 20036
Phone: (202) 778-1800
Fax: (202) 822-8106
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com
E-mail: phynes@zuckerman.com

Conor B. O'Croinin (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202-1031
Phone: (410) 332-0444
Fax: (410) 659-0436
E-mail: cocroinin@zuckerman.com

G. Calvin Sharpe, OBA # 11702
Amy D. White, OBA # 19255
PHILLIPS MURRAH P.C.
Corporate Tower, Thirteenth Floor
101 North Robinson Avenue
Oklahoma City, OK 73102
Phone:  (405) 235-4100
Fax:  (405) 235-4133
E-mail: gcsharpe@phillipsmurrah.com
E-mail: adwhite@phillipsmurrah.com

*Attorneys for CVS Pharmacy, Inc. and
Oklahoma CVS Pharmacy, L.L.C.*

*/s/ Steven E. Derringer (consent)*

Steven E. Derringer (admitted *pro hac vice*)
Kaspar Stoffelmayr (admitted *pro hac vice*)
BARTLIT BECK LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
E-mail: steven.derringer@bartlitbeck.com
E-mail: kaspar.stoffelmayr@bartlitbeck.com

Steven E. Holden, OBA #4289
Caleb S. McKee, OBA #32066
HOLDEN LITIGATION, Holden, P.C.
15 East 5th Street, Suite 3900
Tulsa, OK 74103
Phone: 918-295-8888
Fax: 918-295-8889
E-mail: steveholden@holdenlitigation.com
E-mail: calebmckee@holdenlitigation.com

*Attorneys for Walgreens Boots Alliance, Inc.
and Walgreen Co.*

**<ins>CERTIFICATE OF SERVICE</ins>**

    [X] I hereby certify that on this _____7th_____ day of May, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

*/s/ Amy Sherry Fischer*_____
Amy Sherry Fischer