# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THE CHEROKEE NATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-56-RAW |
| | ) | |
| MCKESSON CORPORATION; | ) | |
| CARDINAL HEALTH, INC.; | ) | |
| CARDINAL HEALTH 110, LLC; | ) | |
| AMERISOURCEBERGEN DRUG | ) | |
| CORPORATION; CVS PHARMACY, | ) | |
| INC.; OKLAHOMA CVS | ) | |
| PHARMACY, LLC; WALGREEN | ) | |
| CO.; WAL-MART STORES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants McKesson Corporation, Cardinal Health, Inc., Cardinal Health 110, LLC, and AMERISOURCEBERGEN Drug Corp.'s ("Distributors") Motion to Certify Order for Interlocutory Appeal Under 28 U.S.C. § 1292(b) [Docket No. 315] and Pharmacy Defendants' Motion to Certify Order for Interlocutory Appeal Under 28 U.S.C. § 1292(b) [Docket No. 322].

The Distributor defendants seek this court's certification for interlocutory appeal under 28 U.S.C. § 1292(b) of its ruling on the meaning of federal regulatory provisions set forth in its March 29, 2021 Order denying their motion to dismiss [Docket No. 146], specifically seeking authorization to pursue an interlocutory appeal of the portions of the ruling on the Motion to Dismiss that held that regulatory registration provisions promulgated pursuant to the federal Controlled Substances Act impose a duty on wholesale

1

distributors not to ship so-called "suspicious orders" and its ruling that provisions of that federal registration framework may be enforced by private parties under state tort law [Docket No. 288]. The Pharmacy Defendants seek an order certifying for immediate interlocutory appeal the portion of the courts order denying their Motion to Dismiss [Docket No. 147] finding that Pharmacy Defendants have legal duties under the CSA that are enforceable by the Cherokee Nation under state nuisance and negligence law.

The defendants claim that, pursuant to 28 U.S.C. § 1292(b), the court's ruling "involves a controlling question of law" as to which "there is substantial ground for difference of opinion" and that an immediate appeal . . . may materially advance the ultimate termination of the litigation.

"Interlocutory appeals have long been disfavored in the law, and properly so." *Carpenter v. Boeing Co.,* 456 F.3d 1183, 1189 (10th Cir. 2006). Nevertheless, under 28 U.S.C. §1292(b), a district court may certify an interlocutory order for appeal if the order "involves a controlling question of law about which there is substantial ground for disagreement" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Microsoft Corp. v. Baker,* 137 S.Ct. 1702, 1708 (2017) (quoting 28 U.S.C §1292 (b)). "[A] motion for certification must be granted sparingly, and the movant bears the heavy burden of demonstrating that a case is an exceptional one in which immediate appeal is warranted." *In re Semgroup Energy Partners,* 729 F.Supp. 2d 1276, 1311 (N.D. Okla. 2010). In the Tenth Circuit "an appeal under §1292 is an exceedingly rare occurrence." *In re Transdata, Inc. Smart Meters Patent Litig.,* 12-ML-2309-C, 2015 WL 12600181, at *1 (W.D. Okla. Dec. 8, 2015) (citing *State*

2

*of Utah ex rel. Utah State Dep't of Health v. Kennecott Corp.,* 14 F.3d 1489, 1495 (10th Cir. 1994)).  Further, certification of interlocutory appeals under 28 U.S.C. § 1292(b) is "limited to cases in which extended and expensive proceedings probably can be avoided by immediate and final decision of controlling questions encountered early in the action." *Id.* at 1495.

Upon a review of the motions and the record, the court finds that Defendants have not demonstrated that the issues they present for certification are "controlling" and that "substantial grounds for disagreement" exist with the rulings they seek to appeal.  Further, there has been no showing that an immediate appeal from the court's orders would materially advance the "ultimate termination" of the litigation.  In fact, an appeal at this stage could likely result in a delay of the litigation.

Accordingly, the court DENIES the motions for interlocutory appeal by Defendants [Docket Nos. 315, 322] and the case will proceed without an immediate appeal.

**IT IS SO ORDERED** this 30th day of June 2021.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE