**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| THE CHEROKEE NATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MCKESSON CORPORATION; | ) | Case No. 18-cv-56-RAW-SPS |
| CARDINAL HEALTH, INC.; | ) | |
| CARDINAL HEALTH 110, LLC; | ) | |
| AMERISOURCEBERGEN DRUG CORP.; | ) | |
| CVS HEALTH CORPORATION; | ) | |
| CVS PHARMACY, INC.; | ) | |
| OKLAHOMA CVS PHARMACY, L.L.C.; | ) | |
| WALGREENS BOOTS ALLIANCE, INC.; | ) | |
| WALGREEN CO.; | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendants. | | |

## THE CHEROKEE NATION'S MOTION TO REMAND ALL CLAIMS AGAINST THE NON-SETTLING DEFENDANTS

The Cherokee Nation respectfully moves this Court to remand the claims against CVS Pharmacy, Inc. ("CVS"), Walgreen Co. ("Walgreens") and Walmart Stores, Inc. ("Walmart") (collectively "the Non-Settling Defendants" or "Pharmacy Defendants")[1] in accordance with 28 U.S.C. § 1447(c). The Court's jurisdiction over Cherokee Nation's claims against the Pharmacy Defendants was ancillary to the Court's jurisdiction over McKesson Corporation ("McKesson"). The Cherokee Nation has reached a settlement with McKesson, Cardinal Health Inc., Cardinal Health 110, LLC, and AmerisourceBergen Drug Corp. (collectively the "Settling Defendants"),

---

[1] CVS Health Corporation and Walgreens Boots Alliance, Inc. were previously voluntarily dismissed without prejudice.

and has filed a stipulation of dismissal (ECF No. 418). With McKesson out of the case, there is no continuing basis for jurisdiction and the case should be remanded.

## INTRODUCTION

If there was ever federal jurisdiction over this case, it is now gone. The Cherokee Nation filed this action in the District Court of Sequoyah County, Oklahoma on January 19, 2018. The complaint asserts only Oklahoma common-law tort claims of negligence, public nuisance, unjust enrichment, and conspiracy regarding Defendants' alleged misconduct involving prescription opioids. On February 26, 2018, a single defendant, McKesson, removed the case to this Court alleging jurisdiction based solely on the federal officer removal statute, 28 U.S.C. § 1442(a)(1). *See* Notice of Removal at ¶4 (ECF No. 2). No other Defendant joined McKesson's removal, and no other Defendant has ever asserted any basis for federal jurisdiction. Nor is there any ground to claim such jurisdiction. In fact, the Pharmacy Defendants have asserted as a defense: ***"This Court lacks subject matter jurisdiction."*** *See* Walgreens' First Affirmative Defense (ECF No. 312 at 90) (Walmart and CVS both adopted Walgreens' affirmative defenses in their respective Answers and Affirmative Defenses, *see* ECF Nos. 311 and 313).

On March 1, 2018, Cherokee Nation moved for remand, contending that McKesson failed to demonstrate any of the elements of federal officer removal under Tenth Circuit law. *See* Motion to Remand at 4-6 (ECF No. 12). Before this Court was able to rule on the motion, the Judicial Panel on Multidistrict Litigation transferred the action to the opioid MDL pending in Ohio. The MDL court subsequently denied the remand motion, finding that McKesson met the standard for "federal officer" removal under Sixth Circuit law.[2]

---

[2] Applying Tenth Circuit law on the same issue in the State of Oklahoma's opioid case against McKesson, this Court reached the opposite conclusion and remanded the case. *See* Order of Remand at 2, ECF No. 19, *Oklahoma ex rel. Hunter v. McKesson Corp.*, No. CIV-20-172-RAW, (continued…)

Cherokee Nation has now dismissed McKesson, Cardinal, and AmerisourceBergen. The parties filed a stipulation of dismissal on September 28, 2021. The tenuous basis for federal jurisdiction is eliminated, if it ever existed. The case should be remanded to state court under § 1447.[3]

## ARGUMENT

### A. Legal standard.

When a defendant removes a case pursuant to 28 U.S.C. § 1442(a)(1), as McKesson did here, the statute "creates a species of ancillary jurisdiction over the nonfederal elements of the case." *Gaylord v. Spartan Coll. of Aeronautics & Tech., LLC*, No. 16-CV-461-JED-JFJ, 2019 WL 3400682, at *7 (N.D. Okla. July 26, 2019) (quoting *IMFC Prof'l Servs. of Fla., Inc. v. Latin Am.*

---

2020 WL 5814161, at *1 (E.D. Okla. Sept. 14, 2020) (finding that "McKesson has failed to demonstrate any of the elements of federal officer removal"). That order is on appeal. When the MDL court suggested remand of *Cherokee Nation v. McKesson Corp.*, it stated that Plaintiff agreed not to seek remand to state court and to try the case in the transferor court. *See* MDL 2804, ECF No. 2941. To the extent such an agreement was conveyed to the MDL court, it pertained only to the disputed issue of federal officer removal jurisdiction, which Cherokee Nation had litigated extensively in the MDL. The MDL court was evidently concerned that if the case was remanded to a court in the Tenth Circuit, Plaintiff would immediately seek to challenge McKesson's § 1442 removal. Plaintiff did not do that; and it did not seek reconsideration or remand regarding that issue—even though this Court reached the opposite conclusion on the same issue. Now that McKesson is out of the case, however, remand is appropriate, as neither the parties (nor another District Judge) can create jurisdiction where it does not exist over an Attorney General case, as the MDL court has also recognized. *See* MDL 2804 ECF No. 1662 (ordering the State of Alabama to provide briefing concerning subject matter jurisdiction, and accepting a voluntary dismissal of the action, based on the court's "continuing obligation to ensure it has jurisdiction *sua sponte*.").

[3] There is no "diversity jurisdiction" because Cherokee Nation is a sovereign Indian tribe, and therefore not a "citizen" of any state. *See Gaines v. Ski Apache*, 8 F.3d 726, 729 (10th Cir. 1993). There is also no "federal question jurisdiction" over state-law opioid claims, as federal courts have uniformly held in other attorney general cases. *See New Mexico ex rel. Balderas v. Purdue Pharma L.P.*, 323 F. Supp. 3d 1242, 1250-53 (D.N.M. 2018); *Delaware ex rel. Denn v. Purdue Pharma L.P.*, No. CV 1:18-383-RGA, 2018 WL 1942363, at *3 (D. Del. Apr. 25, 2018); *State of West Virginia ex rel. Morrisey v. McKesson Corp.*, No. CV 16-1772, 2017 WL 357307, at *5-8 (S.D. W. Va. Jan. 24, 2017).

*Home Health Inc.*, 676 F.2d 152, 158 (5th Cir. 1982)). If the federal officer is dismissed during the litigation, "[t]he district court may, in its discretion, decline to exercise this jurisdiction." *Id.*[4]

But courts in the Tenth Circuit have rarely exercised jurisdiction in this scenario; they have instead regularly remanded cases upon dismissal of the removing defendant. *See, e.g.*, *Gabaldon v. N.M. Coal. to End Homelessness*, No. CV 17-0473 LH/KBM, 2017 WL 3057668, at *1 (D.N.M. May 30, 2017), *report and recommendation adopted*, No. CV 17-0473 LH/KBM, 2017 WL 3057669 (D.N.M. June 29, 2017). *See also D.C. v. Merit Sys. Prot. Bd.*, 762 F.2d 129, 133 (D.C. Cir. 1985) (granting remand and noting that "federal courts in this circuit and elsewhere regularly remand cases" once the federal officer is dismissed); *Carter v. Cent. Reg'l W. Va. Airport Auth.*, No. 2:15-CV-13155, 2016 WL 4005932, at *7 (S.D. W. Va. July 25, 2016) ("When a federal officer departs, the court will typically exercise its discretion to remand the case after that officer's dismissal pursuant to Section 1447(c).") (internal quotations omitted).

Courts consider several factors when determining whether to remand, including principles of "comity, federalism, judicial economy, and fairness to litigants," *Gaylord*, 2019 WL 3400682, at *7, as well as whether the plaintiff's preferred choice of forum was state court,[5] whether the

---

[4] Supplemental jurisdiction over state-law claims is ordinarily governed by 28 U.S.C. § 1367. But some courts have explained that "the reason that § 1367 does not apply to removals pursuant to § 1442 is that § 1367 covers only cases in which district courts have original jurisdiction, and 'federal officer' jurisdiction is not considered to be 'original jurisdiction.'" *Carter v. Cent. Reg'l W. Virginia Airport Auth.*, No. 2:15-CV-13155, 2016 WL 4005932, at *6 (S.D.W. Va. July 25, 2016) (citing *Jefferson County v. Acker*, 527 U.S. 423, 430-431 (U.S. 1999) ("It is the general rule that an action may be removed from state court to federal court only if a federal district court would have original jurisdiction over the claim in suit . . . Suits against federal officers are exceptional in this regard.")).

[5] *See Johnson v. Conley*, No. CIV.A. 12-18-DLB, 2012 WL 1947330, at *4 (E.D. Ky. May 30, 2012) ("Because Plaintiffs' choice of forum was state court . . . the Court declines to retain jurisdiction over the remaining Defendants").

plaintiff's claims arise under state law,[6] whether the remaining defenses implicate "substantial issues of state law,"[7] whether the proceedings in federal court were not at an advanced stage,[8] and relatedly, whether the court had reached the merits of the state-law claims,[9] and the ability and interest of the state courts to handle the claims.[10]

**B.     All these factors weigh in favor of remand.**

*First*, Cherokee Nation filed this lawsuit in the District Court of Sequoyah County as its choice of forum. The Sequoyah County court is located in Sallisaw, Oklahoma, within the Cherokee Nation's tribal jurisdictional area. By contrast, this Courthouse is outside the jurisdictional area. Given the absence of original federal jurisdiction, the choice of forum of a sovereign plaintiff like Cherokee Nation should weigh in favor of remand.

*Second*, all of the Plaintiff's claims arise under Oklahoma law relating to public health and welfare—which are subjects of state law and regulation, such as Oklahoma's public nuisance statute. Moreover, Pharmacy Defendants contend that many of the state-law claims involve novel issues and novel theories, which allegedly could have widespread impact on Oklahoma retailers

---

[6] *See Gaylord*, 2019 WL 3400682, at *7 (remanding after dismissal of the federal defendant "because Plaintiff's claims arise under state law and implicate no substantial federal issue").

[7] *See Plant Food Sys., Inc. v. Gottwald*, No. 6:12-CV-788-ORL-37, 2012 WL 2568130, at *3 (M.D. Fla. July 2, 2012) (holding that "[w]hile the Court is not unmindful of the potential interplay between rights created or protected by federal law and Plaintiff's remaining state law claims, any such interplay is outweighed by the substantial issues of state law").

[8] *See Carter*, 2016 WL 4005932, at *7 (noting that remand was appropriate in part because the remaining "discovery is expected to be complex and extensive.").

[9] *See Allender v. Scott*, 379 F. Supp. 2d 1206, 1220 (D.N.M. 2005) ("Once the federal party is eliminated, it is proper to remand the case to state court when the merits have not yet been addressed if judicial economy will not be sacrificed by the remand.").

[10] *See Tanner v. Tex. Workforce Comm'n*, No. A-09-CV-429-JRN, 2009 WL 10669202, at *5 (W.D. Tex. Oct. 21, 2009) ("[C]oncerns of comity and federalism heavily favor the Court dismissing the instant case because the state of Texas has an important and overriding interest in enforcing its own laws and resolving a dispute between a Texas administrative agency and a Texas citizen.").

and regulation. *See* Pharmacy Defendants' Motion to Dismiss, ECF No. 147, 1-5. Indeed, they suggest this Court should be "reticent" because "it is not a federal court's place to expand state law." *Id.* 24-25. Of course, Plaintiff believes its claims are firmly grounded in Oklahoma law and precedent. Nevertheless, Pharmacy Defendants will invariably file voluminous pre-trial and post-trial motions on numerous issues they claim are novel or unprecedented under Oklahoma law.

Notably, all similar opioid diversion lawsuits against Walmart, Walgreens, and/or CVS by the Attorneys General of Arkansas, Florida, Michigan, Missouri, Alabama, Nevada, Kentucky, West Virginia, New Mexico and others are pending in *state* court, due to the absence of federal jurisdiction. There is no reason why a tort lawsuit brought by the Attorney General of an Indian tribe should be treated differently from other Attorney General cases against the same Pharmacy Defendants—which are all pending in state courts.

***Third***, the Non-Settling Defendants' defenses unquestionably implicate "substantial issues of state law"—including numerous legal issues this Court has not yet considered. Indeed, the Pharmacy Defendants themselves assert that the Cherokee Nation's claims "implicate ***issues of statewide importance*** that are reserved for state regulation." *See* CVS's Tenth Affirmative Defense (ECF No. 313) (emphasis added). Walmart and Walgreens similarly contend that Cherokee Nation's claims present a "political question" of statewide importance to Oklahoma. *See* Walmart's Tenth Affirmative Defense (ECF No. 311); Walgreens' Fourteenth Affirmative Defense (ECF No. 312). In other words, they concede that their defenses will require the Court to adjudicate issues of statewide importance.

Additionally, most of the ***289 affirmative defenses*** collectively asserted by Walmart, Walgreens, and CVS are based on *Oklahoma* legal doctrines or rules. These include statutes of limitations, doctrine of laches, statute of repose, doctrine of unclean hands, doctrine of in *pari*

*delicto*, subrogation, doctrine of estoppel, "the doctrines of acquiescence, settlement, or release," contributory negligence, "pre-existing medical conditions," contributory fault, "assumption of risk," indemnity principles, the collateral source rule, "principles of informed consent," the economic loss rule, "state constitutional constraints" to police power, the "municipal cost recovery doctrine," the "learned intermediary doctrine," and so forth. *See generally* Walmart, Walgreens, and CVS's Answers and Affirmative Defenses (ECF Nos. 311, 312, and 313). All of these are issues of Oklahoma law that can be efficiently decided by Oklahoma courts.

Pharmacy Defendants have also asserted affirmative defenses on the grounds that Cherokee Nation lacks standing "under Oklahoma or its own applicable tribal, county, or municipal codes" (Walgreens' Seventy-Seventh Affirmative Defense), and that recovery is barred or limited by "Oklahoma statutory and common law regarding limitations of awards" (CVS's Sixty-Ninth Affirmative Defense). They also contend the claims are barred by "Oklahoma law's statutory safe harbor for nuisance claims," and also that the nuisance statute "Okla. Stat. tit. 50, § 2, is unconstitutionally vague" and/or that the nuisance claims have been abrogated. (*See, e.g.*, CVS's Eighty-Seventh and Eighty-Eighth Affirmative Defenses). They also assert that the lawsuit violates Oklahoma laws governing the "exercise of police powers by a Native American tribe." (Walgreens' Thirteenth Affirmative Defense). They all separately invoke numerous Oklahoma statutes as defenses, including Oklahoma Statute tit. 23, §§ 13-14; Oklahoma Statute tit. 23, § 9.1; Okla. Statute tit. 76, §§ 1, 6, and 57.2; Okla. Stat. tit. 23, §§ 9.1, 61.2; Oklahoma's "innocent seller" statute, Okla. Stat. tit. 76, § 57.2(G); and provisions of the Oklahoma Products Liability Act.[11]

---

[11] Defendants also asserted "preemption" related defenses. But courts around the country have held preemption does not apply, including this Court. *See* Order on Pharmacies' Motions to Dismiss, at 13 (ECF No. 289); *see also* Order Denying Interlocutory Appeal, at 2-3 (ECF No. 348). (continued…)

In sum, the Plaintiff's claims involve significant issues of state law, which Pharmacy Defendants contend are novel. If these matters are decided by federal judges, "there is no mechanism by which their errors in such matters can be corrected on appeal by state courts." *Burke v. City of Fort Worth*, No. 19-CV-00744-P, 2021 WL 347473, at *7 (N.D. Tex. Feb. 2, 2021) (citations omitted). In addition, the Pharmacy Defendants' have invoked hundreds of defenses implicating issues of Oklahoma law which they concede have statewide importance. These state-law issues will be litigated on summary judgment or at trial, and in post-trial motions or appeals. Concurrently, similar legal issues will be litigated in state court in the State of Oklahoma's pending opioid litigation—thus creating the possibility of conflicting rulings on novel issues between the two forums, if this case is not remanded. *See, e.g.*, *Carter*, 2016 WL 4005932, at *7 (remanding case after dismissal of federal officer because "[t]here is also risk of inconsistent adjudications in matters related to this important litigation, which will be eliminated if it is assigned to a single forum"). In analogous scenarios, courts have held it would be an abuse of discretion *not* to remand a case. *See, e.g.*, *Araya v. JPMorgan Chase Bank, N.A.*, 775 F.3d 409, 417 (D.C. Cir. 2014) ("we have repeatedly held that a district court abuses its discretion when it maintains jurisdiction over a removed case presenting unsettled issues of state law after the federal claims have been dismissed.").

**Fourth**, the status of the proceedings also weighs in favor of remand. Although the case has been pending since 2018, it has been stayed for much of that time (shortly after McKesson removed the case 2018, it was transferred to the MDL where it was stayed until February 2020).

---

Courts have also held that federal regulations concerning controlled substances do not provide a "substantial federal question" that would justify federal jurisdiction. *See* footnote 3, infra; *see also Plant Food Sys., Inc.*, 2012 WL 2568130, at *3 ("While the Court is not unmindful of the potential interplay between rights created or protected by federal law and Plaintiff's remaining state law claims, any such interplay is outweighed by the substantial issues of state law . . . .").

Although the Court ruled on the sufficiency of Plaintiff's pleadings, trial in this matter is still a year away under the Case Management Order. The case is still in fact discovery. Defendants continue to actively serve discovery requests and third-party subpoenas. Most of the Defendants' approximately 350 subpoenas have been served on state and local agencies or organizations— hundreds of subpoenas affecting employees of state and local government. Some of them implicate important state-law issues that would be appropriate for decision by an Oklahoma court.

For example, in ongoing motions regarding document production from the Oklahoma Bureau of Narcotics and Dangerous Drugs, the Bureau argued the subpoena should be litigated in Oklahoma state court on the basis of comity, federalism, and sovereign immunity. *See* Motion to Stay by OBN (ECF No. 378) (filed August 12, 2021). Walgreens originally subpoenaed the Bureau, then McKesson served a similar subpoena—and now Walgreens has recently served a **third subpoena** on the Bureau (ECF No. 408, Sept. 17, 2021), to which the state has again objected on the grounds it should be decided in state court. This will result in another round of motion practice about issues affecting state agencies that are appropriate for adjudication in state court.

And just days ago Walgreens subpoenaed the Muskogee County Sheriff, the Muskogee Police Department, the Tulsa Police Department, and the Tulsa County Sheriff. *See* Notice of Subpoenas (ECF No. 411 and 416) (filed September 17 and 23). Last week CVS filed a notice of intent to subpoena the Arkansas State Board of Pharmacy—requesting 33 broad categories of documents (ECF No. 415). Some of these issues continue to be disputed, and may result in further motions to quash and/or motions to compel.

Depositions have not yet proceeded to an advanced stage. Defendants have taken approximately seven so far. These can be used in the state-court litigation if the case is remanded. *See Naylor v. Case & McGrath, Inc.*, 585 F.2d 557, 562 (2d Cir. 1978) (remanding case after

federal claims were dismissed and noting that "there is no reason to believe that [depositions] were lost to the litigation if it continued in the state court"). In similar opioid litigation, there have been upwards of 50 fact depositions. Defendants will likely seek to take many more depositions in the coming months.

Expert discovery has not yet begun. It will likely be extensive. Expert disclosures and depositions do not begin until 2022. There have been no dispositive rulings; briefing on summary judgment and *Daubert* issues does not close until July 1, 2022 and July 8, 2022, respectively. *See* ECF No. 321. These motions will also likely be numerous, given the number Pharmacy Defendants have filed in similar litigation.

In sum, a significant amount of discovery, motion practice, and litigation remains to be completed before trial, which is still a year away. Therefore, the status of the case does not weigh in favor of this Court exercising ancillary jurisdiction.[12]

Finally, a state court would be capable of efficiently adjudicating these issues. Indeed, an Oklahoma court successfully tried the first opioid case in the country. The Oklahoma Supreme Court will be the first state supreme court to consider issues arising from an opioid trial. The State of Oklahoma's opioid lawsuit is pending in state court. There is no basis for Pharmacy Defendants to claim "prejudice" by having to litigate in state court.

## C.    Courts in this scenario have overwhelmingly remanded the cases.

Virtually every court in the Tenth Circuit has remanded cases removed under § 1442 upon the dismissal of the federal officer defendant. For instance, in *Gaylord*, the Northern District of Oklahoma remanded upon dismissal of the Federal Aviation Authority because "Plaintiff's claims

---

[12] If Pharmacy Defendants contend the current discovery schedule factors against remand, they obviously do not intend to seek any extension of the discovery schedule.

arise under state law and implicate no substantial federal issue, accordingly, the principles of comity and federalism weigh against the exercise of federal jurisdiction." *Gaylord*, 2019 WL 3400682, at *7. Moreover, like here, all of the plaintiff's claims sounded in tort, and the case was still in the discovery phase. *Id.*

Many other cases also demonstrate that remand is appropriate. *See Martinez v. Seaton*, 285 F.2d 587, 589-90 (10th Cir. 1961) (ruling that, after the district court recognized that the federal official who removed the case was improperly served, "the premise of removal to federal jurisdiction was eliminated and the action should have been remanded to the state court."); *Gabaldon*, 2017 WL 3057668, at *3 (finding remand is appropriate when case was recently filed and only state-law claims are pending against the remaining non-governmental defendants); *Carnett v. Watts*, No. 15-CV-02437-RM-KMT, 2016 WL 705986, at *2 (D. Colo. Feb. 23, 2016) (remanding case "[u]pon the dismissal of the only basis for a federal court's subject matter jurisdiction" based on "the stage of this litigation, the dismissal of the removing party, and the claim at issue (quiet title of Colorado real property)"); *Everbank v. Blair*, No. 14-CV-22-JED-PJC, 2014 WL 3547738, at *3-4 (N.D. Okla. July 17, 2014) (similar); *Allender v. Scott*, 379 F. Supp. 2d 1206, 1220 (D.N.M. 2005) (similar). In fact, Cherokee Nation has not been able to locate any published case from a court in the Tenth Circuit where the court decided to retain jurisdiction after dismissal of the federal defendant under § 1442. The result is no different upon an examination of cases nationwide: courts usually decline to exercise jurisdiction once the "federal officer" is dismissed.[13]

---

[13] *See Call v. N.C. Farm Bureau Mut. Ins. Co.*, No. 1:19-cv-00229-MR, 2020 WL 5269800, at *2 (W.D.N.C. Sept. 4, 2020); *Carter*, 2016 WL 4005932, at *7; *Walker v. Lewis*, No. 2:14-CV-1118-WKW, 2015 WL 1926290, at *2 (M.D. Ala. Apr. 28, 2015); *Marquee Acquisitions, LLC v. Highlander Condos., LLC*, No. 13-00596-BAJ, 2014 WL 2601464, at *1 (M.D. La. June 10, 2014); *Dixie Brewing Co. v. Dep't of Veterans Affs.*, No. 13-6605, 2013 WL 6715921, at *5 (E.D. La. (continued…)

## **CONCLUSION**

The only basis for federal jurisdiction is gone. All of the Cherokee Nation's claims are grounded in Oklahoma law, and the Non-Settling Defendants' defenses implicate substantial issues of Oklahoma law. There is no federal interest that warrants spending significant federal judicial resources trying this case, especially given the high caseloads in this District. This case is still in discovery with a year to go before trial, and the Court has not issued any dispositive pre-trial orders. Most importantly, Oklahoma courts are capable of handling this case—and they *should* handle this case given the issues of statewide importance. As the majority of courts across the nation have held—consistent with virtually every court in the Tenth Circuit—remand is appropriate in this scenario. Such decisions reflect the reality that "[t]here is no good reason . . . to engage in the endeavor of determining and applying state law when there are no federal claims remaining in this Court." *Gaylord*, 2019 WL 3400682, at *7 (quoting *Gen. Motors Corp.*, 402 F. Supp. 2d at 808).

Respectfully Submitted,

/s/ Michael Burrage

Michael Burrage; OK #1350
WHITTEN BURRAGE
512 N. Broadway Ave., Suite 300
Oklahoma City, OK 73102
mburrage@whittenburragelaw.com

---

Dec. 18, 2013); *Plant Food Sys., Inc.*, 2012 WL 2568130, at *1; *Johnson*, 2012 WL 1947330, at *4; *Boeuf River Farm, Inc. v. Trigleth*, No. 5:10CV00279 JLH, 2011 WL 5599422, at *2 (E.D. Ark. Nov. 16, 2011); *Tanner*, 2009 WL 10669202, at *5; *Est. of Guzik ex rel. Guzik v. Mahmud*, No. 09-cv-0657, 2009 WL 1844317, at *1 (W.D. Pa. June 26, 2009); *Black v. Doe*, No. CIV.A. 11-25-DLB-JGW, 2011 WL 1642540, at *3 (E.D. Ky. May 2, 2011); *Dennis v. Allis-Chalmers Corp. Prod. Liab. Tr.*, 09-02363 JSW, 2009 WL 1874017, at *1 (N.D. Cal. June 26, 2009); *Gen. Motors Corp.*, 402 F. Supp. 2d at 808; *Buchinger ex rel. Est. of Buchinger v. Garlock, Inc.*, 2005 WL 2338801, at *3 (N.D. Fla. Sept. 23, 2005); *Macias v. Kerr-McGee Corp.*, No. 92-C-33891993, 1993 WL 524734, at *2 (N.D. Ill. Dec. 14, 1993); *Gulati v. Zuckerman*, 723 F. Supp. 353, 358 (E.D. Pa. 1989); *Merit Sys. Prot. Bd.*, 762 F.2d at 133; *Givoh Assocs. v. Am. Druggists Ins. Co.*, 562 F. Supp. 1346, 1352 (E.D.N.Y. 1983); *Murphy v. Kodz*, 351 F.2d 163, 167 (9th Cir. 1965).

Tel: (405) 516-7800
Fax: (405) 516-7859

Tyler Ulrich (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
tulrich@bsfllp.com
Tel: (305) 539-8400
Fax: (305) 539-1307

William S. Ohlemeyer (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
wohlemeyer@bsfllp.com
Tel: (914) 749-8200
Fax: (914) 749-8300

Richard W. Fields (*pro hac vice*)
FIELDS PLLC
1700 K Street, NW, Suite 810
Washington, DC 20006
fields@fieldslawpllc.com
Tel: (917) 297-3610

Attorney General Sara Hill
THE CHEROKEE NATION
P.O. Box 948
Tahlequah, OK 74464
Tel: (918) 453-5000
Fax: (918) 458-5099

***Attorneys for Plaintiff***
***Cherokee Nation***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 29, 2021, a true and correct copy of the foregoing document was served on counsel of record for defendants in this action via electronic service through CM-ECF.

*/s/ Michael Burrage*
Michael Burrage
