IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE CHEROKEE NATION,<br><br>*Plaintiff*<br><br>–v–<br><br>CVS PHARMACY, INC.; OKLAHOMA CVS PHARMACY, L.L.C.; WALGREEN CO.; WAL-MART STORES, INC.,<br><br>*Defendants.* | Case No. 6:18–CV–56–RAW–SPS<br><br>Hon. Ronald A. White |

**DEFENDANTS' MOTION TO STAY DISCOVERY AND REMAINING PRETRIAL DEADLINES PENDING THE COURT'S RULING ON MOTION FOR JUDGMENT ON THE PLEADINGS AND BRIEF IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 26, Defendants CVS Pharmacy, Inc., Oklahoma CVS Pharmacy, L.L.C., Walgreen Co., and Walmart Inc. ("Defendants"), respectfully request that the Court stay all discovery pending this Court's ruling on Defendants' Motion for Judgment on the Pleadings (Dkt. 469) and stay the remaining pretrial deadlines accordingly.[*]

The Oklahoma Supreme Court's recent landmark decision dismissing Oklahoma's public nuisance lawsuit over the opioid epidemic has eviscerated the basis of Cherokee Nation's lawsuit, and accordingly, Defendants have moved for judgment on the pleadings on all of Plaintiff's claims. *See Oklahoma ex rel. Hunter v. Johnson & Johnson* ("*Johnson & Johnson*"), 2021 WL 5191372, 2021 OK 54 (Okla. Nov. 9, 2021). Even if the Court grants judgment on some of the Cherokee

---

[*] Some deadlines (*e.g.*, expert reports) are based off the fact discovery deadline, while others, including the summary judgment, Rule 702, and trial-related deadlines are fixed dates that will need to be set by the Court to fall at the appropriate time after fact and expert discovery closes. *See* Dkt. 449. Defendants request that all dates in the Case Management Order be stayed pending resolution of the Motion for Judgment on the Pleadings.

Nation's claims but allows others to proceed, the contours of any remaining claims—and the scope of relevant discovery—will be significantly affected.

Because the case should be dismissed following the *Johnson & Johnson* ruling, or at the very least, the shape of any surviving claims is uncertain and subject to significant change by the Court's ruling on the pending Motion for Judgment on the Pleadings, this Court should stay discovery (and the remaining pretrial deadlines) until it decides that motion.

The parties have conferred in advance of filing this motion as required by LCvR 7.1(f) and Plaintiff opposes the requested relief.

## BRIEF IN SUPPORT

Pursuant to Federal Rule of Civil Procedure 26(c), the district court has discretion to stay discovery pending the outcome of a dispositive motion. *Samson Resources Co. v. J. Aron & Co.*, 2009 WL 1606564, *1 (N.D. Okla. June 8, 2009). Rule 26(c), which governs motions for protective orders, provides that "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* A stay of discovery until after resolution of a dispositive motion is appropriate where the dispositive motion, if granted, disposes of the entire case, disposes of issues on which discovery is sought, or where discovery on all issues in a party's broad pleading would be wasteful or burdensome. *See Ciempa v. Jones*, 2012 WL 1565284, *3 (N.D. Okla. May 2, 2012). The Tenth Circuit has considered five factors in determining whether to stay discovery pending the outcome of a dispositive motion: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants, (3) the convenience to the court, (4) the interests of persons not parties to the civil litigation, and (5) the public interest." *In re Broiler Chicken Grower Litigation*, 2017 WL 3841912, *3 (E.D. Okla. Sept. 1, 2017). Here, these factors support a stay.

2

Plaintiff will not be prejudiced by a brief stay of discovery pending this Court's ruling on Defendants' Motion for Judgment on the Pleadings. Plaintiff has not sought preliminary relief, and there is no reason to believe that a stay would harm Plaintiff's ability to continue discovery if any claims survive Defendants' motion. The burden on Defendants, however, would be significant. Defendants' motion, if granted, would resolve all of Plaintiff's claims in this action, eliminating any need for further discovery. And even if the Court dismisses only some claims, its ruling will likely alter the shape and focus of discovery on the remaining claims.

As just one example, the parties are discussing Defendants' potential production of a vast array of hard copy and electronic notes associated with prescriptions their pharmacists dispensed. Based on experience in other cases, notes production is a monumental task that takes months to complete. Pharmacists can make electronic comments regarding patients or prescriptions in a number of different locations, so identifying and pulling all comments associated with specific prescriptions requires intensive effort. Moreover, because pharmacists also sometimes make handwritten comments on physical prescriptions, those prescriptions must be gathered from disparate locations and individually reviewed. Finally, because both electronic and physical notes often contain highly-sensitive protected health information, they must be manually reviewed and redacted, taking several more months at least. The extent and nature of any potential notes production will depend on the ultimate claims (if any) that survive the pending motion.

These labors will be entirely wasted if this Court grants Defendant's Motion for Judgment on the Pleadings. And even if some of Cherokee Nation's claims survive, the scope of discovery will likely change significantly based on the Court's decision. As just one example, if the Court holds (as it should) that Oklahoma's "learned intermediary doctrine" applies to any remaining negligence claim, then Cherokee Nation must prove that Defendants dispensed prescriptions that

were "facial[ly]" "unreasonable" because they "prescribe[d] facially bizarre quantities or dosages clearly outside of any acceptable range, or clearly inappropriate drugs." *Carista v. Valuck*, 2016 OK CIV APP 66, ¶¶ 6-7, 394 P.3d 253, 256-57 (Okla. Civ. App. 2016). Cherokee Nation, however, demands that Defendants produce all notes associated with all prescriptions for a large number of patients of its own choosing, irrespective of whether any such prescription caused Cherokee Nation specific harm or was "unreasonable on its face." Dkt. 443 at 5. Defendants should not have to undertake further costly discovery until this Court has resolved which claims, if any, survive Defendants' dispositive motion, and in what form.

Granting a temporary stay would further the interests of the Court, non-parties, and the public in the efficient use of judicial resources. *See In re Broiler Chicken Grower Litigation*, 2017 WL 3841912, at *5. If a stay of discovery is not granted, the Court is likely to become entangled in a number of discovery disputes between the parties and third parties that turn on global issues about the contours of the case. As for third parties, Defendants have served more than 50 third-party subpoenas, and there are ongoing disputes over these subpoenas that must be resolved. These discovery disputes, like those between the parties, would be eliminated if the Court granted Defendants' pending motion in full. And even if the motion is granted only in part, again, the Court's ruling would likely transform this case, including the scope and focus of discovery (and the disputes that discovery generates). Staying discovery thus serves this Court's, third parties', and the public's interest.

Defendants have thus met their burden to show that a limited, temporary stay is warranted until resolution of their pending dispositive motion. Plaintiff will not be prejudiced if this Court grants a stay of discovery to consider and rule on Defendants' Motion for Judgment on the

Pleadings. On the other hand, this Court and Defendants would be unduly burdened and subject to unnecessary expense if a stay is not entered and discovery proceeds.

WHEREFORE, for the reasons discussed above, Defendants respectfully request that the Court grant this motion and enter an order staying discovery in this action (and the remaining pretrial deadlines) until this Court enters its ruling on Defendants' pending Motion for Judgment on the Pleadings.

Date: December 18, 2021

*/s/ G. Calvin Sharpe*
G. Calvin Sharpe
OBA No. 11702
Amy D. White
OBA No. 19255
PHILLIPS MURRAH P.C.
Corporate Tower, 13th Floor
101 North Robinson Avenue
Oklahoma City, Oklahoma 73102
(405) 235-4100
(405) 235-4133 (fax)
gcsharpe@phillipsmurrah.com
adwhite@phillipsmurrah.com

Eric R. Delinsky
(admitted *pro hac vice*)
Alexandra W. Miller
(admitted *pro hac vice*)
Paul B. Hynes, Jr.
(admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, D.C. 20036
(202) 778-1800
(202) 822-8106 (fax)
edelinsky@zuckerman.com
smiller@zuckerman.com
phynes@zuckerman.com

Respectfully submitted,

*/s/ Amy Sherry Fischer*
Larry D. Ottaway
OBA No. 6816
Amy Sherry Fischer
OBA No. 16651
FOLIART HUFF OTTAWAY & BOTTOM
201 Robert S Kerr Avenue, 12th Floor
Oklahoma City, Oklahoma 73102
(405) 232-4633
(405) 232-3462 (fax)
larryottaway@oklahomacounsel.com
amyfischer@oklahomacounsel.com

Laura Jane Durfee
Andrew Junker
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201
(214) 969-5150
ldurfee@jonesday.com
ajunker@jonesday.com

Jason Varnado
JONES DAY
717 Texas, Suite 3300
Houston, Texas 77002
(832) 239-3939
(832) 239-3600 (fax)
jvarnado@jonesday.com

***Counsel for Defendant Walmart Inc.***

5

| | |
|---|---|
| Conor B. O'Croinin<br>(admitted *pro hac vice*)<br>William J. Murphy<br>(admitted *pro hac vice*)<br>J. Michael Pardoe<br>(admitted *pro hac vice*)<br>ZUCKERMAN SPAEDER LLP<br>100 East Pratt Street, Suite 2440<br>Baltimore, Maryland 21202-1031<br>(410) 332-0444<br>(410) 659-0436 (fax)<br>cocroinin@zuckerman.com<br>wmurphy@zuckerman.com<br>mpardoe@zuckerman.com<br><br>***Counsel for Defendants***<br>***CVS Pharmacy, Inc., and Oklahoma***<br>***CVS Pharmacy, LLC*** | */s/ Steven E. Holden*<br>Steven E. Holden<br>OBA No. 4289<br>HOLDEN LITIGATION, HOLDEN P.C.<br>15 East 5th Street, Suite 3900<br>Tulsa, Oklahoma 74103<br>Telephone: (918) 295-8888<br>Facsimile: (918) 295-8889<br>steveholden@holdenlitigation.com<br><br>*/s/ Robert B. Tannebaum*<br>Steven E. Derringer<br>(admitted *pro hac vice*)<br>Robert B. Tannenbaum<br>(admitted *pro hac vice*)<br>BARLIT BECK LLP<br>54 West Hubbard Street, Suite 300<br>Chicago, Illinois 60654<br>Telephone: (312) 494-4400<br>Facsimile: (312) 494-4440<br>steven.derringer@bartlitbeck.com<br>robert.tannenbaum@bartlitbeck.com<br><br>***Counsel for Defendant Walgreen Co.*** |

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 18th day of December, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Alex J. Harris    alex.harris@bartlit-beck.com
Alexandra Wang Miller    smiller@zuckerman.com
Amy D. White    adwhite@phillipsmurrah.com
Andrew Junker    ajunker@jonesday.com
Benjamin C. Mizer    bmizer@jonesday.com
Brandy H. Ranjan    branjan@jonesday.com
Christopher Lovrien    cjlovrien@jonesday.com
Claire E. Castles    ccastles@jonesday.com
Conor B. O'Croinin    cocroinin@zuckerman.com
Curtis N. Bruehl    cbruehl@bruehllaw.com
Dawson K. Robinson    dawson.robinson@bartlitbeck.com
Edward M. Carter    emcarter@jonesday.com
Eric R. Delinsky    edelinsky@zuckerman.com
G. Calvin Sharpe    gcsharpe@phillipsmurrah.com
Helen M. Maher    hmaher@bsfllp.com
J. Michael Pardoe    mpardoe@zuckerman.com
James J. Proszek    jproszek@hallestill.com
Jason Scott Varnado    jvarnado@jonesday.com
Jeffrey Johnson    jeffreyjohnson@jonesday.com
Jeffrey D. Coleman    jcoleman@bsfllp.com
John C. Young    john-young@cherokee.org
Jordan G. Golds    jordan.golds@bartlitbeck.com
Julie Fritts Kaptur    julie.kaptur@bartlitbeck.com
Karen P. Hewitt    kphewitt@jonesday.com
Kaspar Stoffelmayr    kaspar.stoffelmayr@bartlit-beck.com
Kristen A. Lejnieks    kalejnieks@jonesday.com
Laura Jane Durfee    ldurfee@jonesday.com
Louis P. Gabel    lpgabel@jonesday.com
Margarita K. O'Donnell    modonnell@zuckerman.com
Martin F. Cunniff    martincunniff@fieldslawpllc.com
Michael Burrage    mburrage@whittenburragelaw.com,
Nicholas J. Standish    nstandish@bsfllp.com
Paul B. Hynes , Jr    phynes@zuckerman.com
Paula S. Quist    pquist@jonesday.com
Randa Reeves    rreeves@whittenburragelaw.com
Richard W. Fields    fields@fieldslawpllc.com
Robert B. Tannenbaum    robert.tannenbaum@bartlitbeck.com
Rossana Baeza    rbaeza@bsfllp.com
Sarah G. Conway    sgconway@jonesday.com
Shannon Prince    sprince@bsfllp.com
Stephen N. Zack    szack@bsfllp.com

Steven E. Derringer     steven.derringer@bartlitbeck.com
Steven E. Holden     steveholden@holdenlitigation.com
Timothy Steven Posey     tposey@hallestill.com
Tyler D. Ricker     tricker@bsfllp.com
Tyler Ulrich     tulrich@bsfllp.com
William D. Marsillo     wmarsillo@bsfllp.com
William G. Laxton, Jr.     wglaxton@jonesday.com
William J. Murphy     wmurphy@zuckerman.com
William S. Ohlemeyer     wohlemeyer@bsfllp.com

*s/Amy Sherry Fischer*
*One of the Attorneys for Defendant Walmart, Inc.*