## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **THE CHEROKEE NATION**, *Plaintiff*, v. **CVS PHARMACY, INC.,** *et al.*, *Defendants.* | Case No. CIV-18-056-RAW |

### ORDER

This matter comes before the court on Defendants' Emergency Motion for Order Rescinding Remand Order and Implementing Automatic Stay Under Federal Rule of Civil Procedure 62(a) [Dkt. 515]. For the reasons set forth below, the court denies this Emergency Motion as moot.

On March 22, 2022, the court entered an Order remanding this case to the District Court of Sequoyah County, Oklahoma [Dkt. 513], and the Court Clerk transmitted a certified copy of the order to the District Court of Sequoyah County that same day [Dkt. 514]. On March 23, 2022, Defendants filed the present Emergency Motion. Then on March 25, 2022, Defendants filed a Notice of Appeal in which they appeal from the court's Order remanding this case [Dkt. 519].

With an exception for collateral matters such as an award of attorney fees, "when a litigant files a notice of appeal, the district court loses jurisdiction over the case." *McKissick v. Yuen*, 618 F.3d 1177, 1196 (10th Cir. 2010). The filing of a notice of appeal operates to divest a district court of jurisdiction over those aspects of a case involved in an appeal and confers such jurisdiction on the court of appeals. *Cribari v. Allstate Fire & Cas. Ins. Co.*, 861 F. App'x 693, 712 (10th Cir. 2021) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). Here, because

Defendants have filed a Notice of Appeal, the court lacks jurisdiction to consider the Emergency Motion and the same is therefore moot.

The court also lacks jurisdiction to consider the Emergency Motion for an additional reason: "the transmission of the remand order from the federal district court clerk to the state court, as contemplated by § 1447(c), operates to divest federal district courts of further jurisdiction over the case." *BP Am., Inc. v. Oklahoma ex rel. Edmondson,* 613 F.3d 1029, 1033–34 (10th Cir. 2010); *see also In re C & M Properties, L.L.C.*, 563 F.3d 1156, 1162 (10th Cir. 2009) ("It is long-settled that a remand order renders the district court without jurisdiction over remanded claims, such that any continued litigation over those claims becomes a futile thing."). The Court Clerk transmitted a certified copy of the Remand Order to the District Court of Sequoyah County on March 22, 2022. This action operated to divest the court of jurisdiction over the Defendants' Emergency motion, subsequently filed on March 23, 2022.

For the reasons set forth above, Defendants' Emergency Motion for Order Rescinding Remand Order and Implementing Automatic Stay Under Federal Rule of Civil Procedure 62(a) [Dkt. 515] is **DENIED** as moot.

**IT IS SO ORDERED** this 28th day of March, 2022.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**